## Beltz, Appellant, *v.* City of Pittsburg.

211 561
31 SC 334

211 561
32 SC 501
f 33 SC 164

211 561
f221 310

211 561
137SC 528

*Constitutional law—Classification of cities—Plumbing and house drainage—Cities of second class—Act of June 7, 1901, P. L. 493.*

The Act of June 7, 1901, P. L. 493, relating to the examination, licensing and registration of plumbers, and prescribing rules and regulations for plumbing and house drainage in cities of the second class, relates to a subject which is a legitimate basis for the classification of cities, and is constitutional.

Argued Jan. 31, 1905. Appeal, No. 14, Oct. T., 1905, by plaintiff, from judgment of Superior Court, April T., 1904, No. 110, affirming judgment of C. P. No. 1, Allegheny Co.,

562        BELTZ, Appellant, v. PITTSBURG.

Dec. T., 1903, No. 113, affirming justice of the peace in case of John Beltz v. City of Pittsburg. Before MITCHELL, C. J., DEAN, FELL, POTTER and ELKIN, JJ. Affirmed.

Appeal from judgment of Superior Court.

The only question raised in the lower court was the constitutionality of the Act of June 7, 1901, P. L. 493.

*Error assigned* was the judgment of the lower court.

*J. McF. Carpenter*, for appellant.

*L. S. Levin*, with him *W. B. Rodgers*, for appellee.

PER CURIAM, April 24, 1905:

The Act of June 7, 1901, P. L. 493, is an act relating to the public health as affected by the matters of plumbing and drainage and of general sanitation resulting therefrom. In its nature it is a definition and regulation of the police power on a subject which is one of municipal concern. All the cases agree that such subjects are the principal basis of the legitimate classification of cities. That the control and regulation of cesspools and of drainage in general are more important and require different conditions in closely built up neighborhoods from those sufficient for the open country does not need discussion. And for the same reason the regulations may require to be different in cities of different volume and density of population. It is no objection therefore to the act in question that it applies only to cities of the second class. Cities of other classes may require other regulations of more or less stringency. That is a matter for the legislature. The subject being one which is germane to the proper basis of classification its regulation and application to one or more classes are within the legislative discretion. No valid objection to the constitutionality of the act has been shown.

Judgment affirmed.