## New Castle City v. Withers, Appellant.

*Municipalities—Control of apartment house—Plumbing—Equity —Estoppel—Police power—Health laws—Nuisance—Acts of June 7, 1901, P. L. 493, and May 14, 1909, P. L. 840.*

1. Where an owner of an apartment house violates the provisions of the Plumbing Act of June 7, 1901, P. L. 493, extended to cities of the third class by the Act of May 14, 1909, P. L. 840, the city is not estopped from proceeding under the act against such owner, because it stood by and permitted the improper plumbing to be installed in the house.

2. A municipality cannot, by neglecting or refusing to enforce a state law, render it inoperative against the one who has violated it, and thus give him immunity.

3. The Act of June 7, 1901, P. L. 493, relating to plumbing, is a health measure, and in effect declares that plumbing installed otherwise than as the act provides creates a potential nuisance.

4. Equity has jurisdiction to abate the nuisance resulting from a violation of the act.

5. The Act of 1901, is in its nature a definition and regulation of the police power on a subject which is one of municipal regulation.

*Constitutional law—Title of act—Subject expressed in title— Plumbing regulations—Act of June 7, 1901, P. L. 493—Federal Constitution—14th Amendment—Due process of law.*

6. The Act of June 7, 1901, P. L. 493, is not unconstitutional because it enlarges equity jurisdiction to abate a nuisance resulting from improper plumbing, without such enlargement of power appearing in its title.

7. The title sufficiently indicates that penalties were imposed for violation of the act, and a reading of the body of the act shows that if a nuisance was created by noncompliance with the act, such nuisance could be abated by a court of record, that is, a court of equity under the Act of 1836.

8. The Act of 1901, is not an unwarranted exercise of the police power, nor does it violate the 14th Amendment of the federal Constitution as to due process of law.

9. The fact that a particular city has a sewerage system differing from that in other cities, and that in consequence some of the provisions of the Act of 1901 are not applicable to such city, does not prevent other provisions of the act, which fit the situation, from being enforced.

Argued October 4, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 130, March T., 1927, by defendant, from decree of C. P. Lawrence Co., Dec. T:, 1918, No. 3, awarding injunction, in case of New Castle City v. Elizabeth Withers. Affirmed.

Bill for injunction. Before EMERY, P. J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff, by HILDEBRAND, P. J. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting record.

*A. Martin Graham,* with him *Charles Matthews, Jr., J. Clyde Gilfillan* and *Clarence A. Patterson,* for appellant.—The City of New Castle having stood idly by and permitted the extensive installation of plumbing are thereby estopped from instituting these proceedings: Augusta Council v. Brum, 19 S. E. 820; Spencer v. Andrew, 82 Iowa 14.

Equity has no jurisdiction to abate noncompliance or enforce compliance with the plumbing code by injunction: Com. v. Smith, 266 Pa. 511; Kline v. Livingstone Club, 177 Pa. 224; Sparhawk v. Ry., 54 Pa. 401; Phila. v. Lyster, 3 Pa. Superior Ct. 475,

The Act of Assembly approved June 7, 1901, P. L. 493, with acts amendatory thereto, is unconstitutional: Dorsey's App., 72 Pa. 192; Dailey v. Potter Co., 203 Pa. 593; Fedorowicz v. Brobst, 254 Pa. 338; County Commissioner's Petition, 255 Pa. 88; Com. v. Boro., 272 Pa. 189; Stegmaier v. Jones, 203 Pa. 47; Mt. Joy Boro. v. Turnpike Co., 182 Pa. 581; Hatfield v. Com., 120 Pa. 395; Com. v. Thomas, 248 Pa. 256; Phœnixville Boro., 109 Pa. 44; Zoning Ordinance of City of Pittsburgh, 287 Pa. 259.

*Robert White,* for appellee.—The city is not estopped: Com. v. McDonald, 16 S. & R. 390; Com. v. Alburger, 1 Wharton 469.

An injunction was proper: Com. v. Smith, 266 Pa. 511; Com. v. Kennedy, 240 Pa. 214; Bunnel's App., 69 Pa. 59; Wier's App., 74 Pa. 230; Com. v. Butler, 99 Pa. 535; Com. v. Immel, 33 Pa. Superior Ct. 388.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1927:

The City of New Castle, a city of the third class, filed this bill in equity against defendant, the owner of an apartment house therein, in which it prayed a decree requiring her to make certain changes in the plumbing in the building so that it will conform with the requirements of the Act of June 7, 1901, P. L. 493, known as the plumbing code, which was extended to cover cities of the third class by the Act of May 14, 1909, P. L. 840. The chancellor, after hearing, determined that the plumbing installed in the house did not comply with the law and was constructed in open and flagrant violation thereof. By decree, he directed the removal from the building of all the plumbing not conforming to the requirements of the statute. From the decree so entered, defendant has appealed.

Before proceeding to take up the legal questions presented for our review, it may be well to see just what

was done and what it is that the city seeks to rectify. The plumbing code in section 3 provides that the construction of plumbing and house draining shall be conducted only under and in accordance with its requirements. The chancellor finds that the provisions of the law were violated in the following respects: there was a 4 inch standard soil pipe used instead of extra heavy soil pipe; combination lead bands were used instead of lead bands and brass ferrules; branched waste pipes from bath tubs and washstands into lead bands were used instead of connecting the soil pipe with brass ferrules; 1¼ inch waste pipe from bath tubs was used instead of 1½ inch pipe; the bath tubs, washstands, sinks and laundry trays were not ventilated and tile sewer pipe was run through the wall into the cellar instead of extra heavy cast iron soil pipe.

The husband of the defendant is a plumber and did the work. He wilfully and deliberately disregarded and violated the law and refused to comply therewith.

The first of appellant's propositions is that the city by standing by, and permitting the plumbing to be placed in the building, is estopped from enforcing the act of assembly. This is, to say the least, a somewhat novel contention. In essence, it means that, if a state statute is violated in one of its municipalities and the municipal authorities do not move to prevent this being done, the statute ceases to have force and is as to that transaction repealed. To state such a doctrine is to refute it. Of course, as appellant's counsel contends, municipal corporations, just as other corporations, may be estopped under certain circumstances by their acts and conduct, but a municipality cannot, by neglecting or refusing to enforce a state law, render it inoperative against him who has violated it and thus give him immunity. "Estoppel may be invoked against the United States, a state, a municipal corporation, or other governmental agency or instrumentality in respect of acts done in its so-called proprietary or private capacity as distinguished

from its so-called governmental or public capacity, in the strict scope of which it cannot be estopped": 21 C. J. 1186.

The second proposition advanced by appellant is that the plumbing is not a nuisance per se or injurious to the health and welfare of the public and therefore equity. has no jurisdiction.   The act in question is a health measure,—to compel the installation of sanitary plumbing.   In effect it declares that plumbing installed otherwise than as the act prescribes creates a potential nuisance.   "Said changes [in the plumbing] shall be made within the time fixed by the department or bureau of health; and upon refusal or neglect to obey such orders, the department or board of bureau of health shall institute legal proceedings *to have such changes made and said nuisance abated,* by action before a justice of the peace or *court of record*": Act May 14, 1909, P. L. 840, 853, amending original Act of June 7, 1901, P. L. 493. The court below found as a fact that the council of the plaintiff city has and exercises the powers of a board of health, and, further, that the plumbing prescribed by the act, and as directed by city council acting in its capacity as a board of health, is less likely to cause a condition prejudicial to health than that put in by defendant, and that the way the plumbing was installed there is a possibility of escape of sewer gas into the house, which possibility will be eliminated when the work is done as the law prescribes.   We said, speaking of the act in question, in Beltz v. Pittsburg, 211 Pa. 561, 562, "[It] is an act relating to the public health as affected by the matters of plumbing and drainage and of general sanitation resulting therefrom.   In its nature it is a definition and regulation of the police power on a subject which is one of municipal concern."   Under the express terms of the Act of June 16, 1836, P. L. 784, 790, courts of equity have the jurisdiction of a court of chancery so far as relates to "The prevention or restraint of the commission or continuance *of acts contrary to law and prej-*

*udicial to the interests of the community,* or the rights
of individuals." In Com. v. Kennedy, 240 Pa. 214, re-
versing the court below, it was determined that an in-
junction should issue to restrain the drainage of sewage
into a stream, although it was not a public stream and
although what was done was the violation of a penal
statute, on the ground that "Because the public health
is endangered by drainage of sewage into any flowing
stream, the legislature had denounced it as an offense
on the part of any one permitting it. In no more posi-
tive way could it be declared a public nuisance." In
that case it was also decided, "The mere fact that there
is a remedy at law by indictment or action, will not
alone prevent the exercise of the power." We conclude
that under the terms of the act and the principles cited
equity has jurisdiction.

The third proposition is that the act is unconstitu-
tional in so far as it enlarges equity jurisdiction to
abate and restrain noncompliance with its terms, as this
enlargement of power does not appear by the title. The
title is "An act providing for the examination, licensure
and registration of persons, firms or corporations en-
gaged or engaging in the business or work of plumbing
or house drainage and prescribing certain rules, regula-
tions and requirements for the construction of plumb-
ing, house drainage and cesspools, in the cities of the
second class and imposing fines, penalties and for-
feitures for violation thereof." The act does not en-
large equity jurisdiction (it is conferred by the Act of
1836), but if it did, when defendant and her husband de-
cided that they would violate the act, they saw, if they
read the title, that penalties were imposed for its viola-
tion. It is inconceivable that their curiosity was not
whetted to learn what penalties they would be subjected
to and how they would be enforced (the Constitution
presupposes a reasonably inquiring state of mind in
those who read the title of an act: Reeves v. Phila. Su-
burban Water Co., 287 Pa. 376), and thus stimulated to

ascertain, they read in the body of the act that one of its penalties is to have the nuisance they would create, by failing to comply with it, abated by action before a court of record.

The fourth position assumed by appellant, that the city cannot enforce part of the act because it does not enforce other parts, is another quite novel proposition, that the violator of a law in one respect has a standing to challenge its enforcement against him because it is not enforced in all respects and against everybody. Owing to the fact that the City of New Castle has a sewage system differing in construction from other cities of the Commonwealth, some of the provisions of the act cannot be applied in plaintiff city; that however does not imply that those provisions of the law which fit its situation are nugatory.

As to the last proposition that the act is unconstitutional because it attempts an unwarranted exercise of the police power and violates the 14th federal Amendment, it would seem to be sufficient to point out that the act was upheld in Beltz v. Pittsburg, 211 Pa. 561. "A statute enacted for the protection of the public health, safety or morals, can be set aside by the courts only when it plainly has no real or substantial relation to those subjects, or is a palpable invasion of rights secured by the fundamental law. If 'it does not appear upon the face of the statute, or from any facts of which the court must take judicial cognizance, that it infringes rights secured by the fundamental law, the legislative determination is conclusive': Powell v. Pennsylvania, 127 U. S. 678, 685": Nolan v. Jones, 263 Pa. 124, 128. Measured by this test, it cannot be said that the statute in question is an unwarranted exercise of the police power.

As to appellant's further contention that the act violates the due process clause of the 14th Amendment, it may be timely to suggest that there seems to be a growing tendency to lug in the due process clause as a make-

weight in aid of arguments on other lines. The effect of this may be to raise a doubt as to the sincerity of the belief of the advocate in his real contentions; particularly is this so when there is no adequate presentation of authority in support of the due process of law proposition. In the pending case there is no violation of the due process clause as slight reflection will show.

The decree of the court below is affirmed at appellant's cost.