## Landau Plumbing & Heating Company et al. v. City of Philadelphia et al.

*Alexander Perry*, for petitioners.

*Joseph D. Sharfsin*, city solicitor, and *Samuel Feldman*, assistant city solicitor, for respondents.

KUN, J., February 13, 1936.—This is a proceeding sur a writ of alternative mandamus. It appears that pursuant to the Act of July 2, 1935, P. L. 561, amending certain sections previously amended and supplementing the Plumbers' Act of June 7, 1911, P. L. 680, application was made to the Department of Public Health of Philadelphia by Benjamin Landau on behalf of the Landau Plumbing & Heating Company, a corporation, for registration as a master plumber, and that the application was refused because of the fact that only one member of that corporation, namely, Benjamin Landau, was a master plumber.

The relators, the Landau Plumbing & Heating Company and Benjamin Landau, thereupon filed a petition for a writ of alternative mandamus directed against the respondents, to which petition the respondents filed a return setting forth the grounds as stated for refusing the application for registration, whereupon the relators filed a demurrer thereto and joined issue. Section 1.2 of the act provides that:

"No member of a firm of three or more persons or a corporation can engage in or continue in the plumbing trade, unless one member is a certified licensed master plumber and a second member of said firm or corporation possesses a license as a master plumber."

While this section of the act is not artfully drawn, we read it as a prohibition against any firm or corporation engaging in the plumbing business, unless there are at least two master plumbers members or stockholders in it.

It appears that the Landau Plumbing & Heating Company was granted a charter by the Commonwealth of Pennsylvania in August 1932, authorizing it to engage in the plumbing and heating business. Benjamin Landau, a duly qualified master plumber, a stockholder of the corporation, has registered each year since then in his own name for the company. When he sought to register in behalf of the corporation for the year 1936, the board of health refused to issue a certificate of registration because of the above-quoted requirement in the Act of 1935 that there must be two stockholders licensed master plumbers in the corporation to enable it to "engage in or continue in the plumbing trade".

The relators claim that the quoted section of the act is unconstitutional. Somewhat similar legislation has been before the courts for consideration in this regard. By the Act of May 13, 1927, P. L. 1009, it was provided:

"That every pharmacy or drug store shall be owned only by a licensed pharmacist, and no corporation, association or copartnership shall own a pharmacy or drug

store, unless all the partners or members thereof are licensed pharmacists".

This legislation was held unconstitutional, as being in contravention of the due process clause of the fourteenth amendment: Liggett Co. v. Baldridge, etc., et al., 278 U. S. 105. Quoting from Burns Baking Co. et al. v. Bryan, etc., et al., 264 U. S. 504, the court said:

"A state cannot, 'under the guise of protecting the public, arbitrarily interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.' "

It was held in that case that, while the State undoubtedly can regulate the compounding of prescriptions by appropriate legislation to the extent reasonably necessary to protect public health, "mere stock ownership in a corporation owning and operating a drug store, can have no real or substantial relation to the public health". The same reasoning applies to the case before us. The legislature undoubtedly has ample authority to regulate the manner and method of doing any plumbing work and providing for qualifications of individuals who are engaged in such work. This the legislature has fully and completely done by the Act of June 7, 1911, P. L. 680. The legislature has broad powers in that regard, though they are not unlimited.

The general subject matter of legislation of this kind may be for the protection of the public health or welfare, yet, if the result of applying any particular provision thereof would be arbitrarily to interfere with private business or prohibit lawful occupations or impose unreasonable or unnecessary restrictions on them, the court would be bound to consider it unconstitutional.

It is clear to us that there is not the slightest relation to the public health in any provision for the number of licensed plumbers who are to be stockholders in a corporation engaging in the plumbing and heating business. Requirements of the methods and materials to be used, and qualifications of persons who actually do plumbing work

or who supervise it, are matters affecting the public health and safety. These may be passed in the valid exercise of the police power of the State. That is all that was decided in Beltz v. City of Pittsburg, 211 Pa. 561, cited on behalf of the respondents. It is a non sequitur to say that, because legislation on the general subject of plumbing is passed under the police power of the State, it follows that any legislation that relates to the plumbing business is sustainable on that ground. The legislation, to be sustainable under the police power, whether it relates to plumbing or any other subject, must have reasonable relation to the public health, morals, or safety. Manifestly, whether a corporation which has been duly chartered by the Commonwealth to engage in the plumbing and heating business has one or two master plumbers as stockholders has no relation whatever to the public health, morals, or safety, and any attempt to limit the right of a corporation to do business by any such restriction or requirement is beyond legislative authority: Liggett Co. v. Baldridge, etc., et al., supra.

It was suggested at the argument that the legislation under consideration might be effective as to new corporations but would have to be declared unconstitutional so far as existing corporations were concerned, on the ground that it impaired the obligation of contracts in respect to the charters which had been granted, as had the one to the relators, by the Commonwealth. We agree with the contention made on behalf of the respondents that if the legislation under consideration could be considered as having been passed under the police power of the State the relator corporation would be subject thereto. Legislation passed in the exercise of the police power of the State, that is to say, legislation that has some real or substantial relation to public health, morals, or safety, is not considered an impairment of the obligation of contracts protected by the Constitution. The basis of our decision, as we have already indicated, is that the legislation now under consideration, which provides that there must be

two master plumbers members or stockholders in a corporation organized to do a plumbing and heating business before it can do such a business, has no real or substantial relation to the public health, morals, or safety. We therefore declare the provision of the act of assembly under consideration unconstitutional.

Let writ of peremptory mandamus issue.