## Commonwealth *v.* Leswing, Appellant.

Argued  March 13,  1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Louis M. Childs, II,* with him *High, Dettra & Swartz,* for appellant.

*David E. Groshens,* with him *Frederick B. Smillie,* District Attorney, for appellee.

OPINION BY HIRT, J., April 21, 1939:

This is an appeal from the conviction and sentence of defendant in a summary proceeding for a violation of the provisions of the Plumbing Code of March 31, 1937, P. L. 168. This act, an amendment of the Act of June 7, 1901, P. L. 493, extended the scope of the former code and made it applicable to townships of the first class.

By the act as amended it is unlawful "for any persons to carry on or work at the business of plumbing or house or building drainage— in townships of the first class of this Commonwealth until a certificate or license to engage in or work at said business shall have been granted said persons" by the proper authorities in accordance with the act. A master plumber is also required to register with the Board of Health of the municipality where he does business, or if no such board exists, then with the Department of Health of the Commonwealth. Definite acts are forbidden by the provision: "nor shall any person or persons other than a registered master plumber, or a registered journeyman plumber in his or their employ be allowed to alter, repair, or make any connection with, any water, drain, soil, waste, or vent-pipe, or any pipe connected therewith."

The act affords the opportunity for local administration and Abington Township, Montgomery County, enacted an ordinance for that purpose. However we

are concerned in this appeal with a violation of the Act of Assembly and not of the ordinance.

There is no contention that defendant was engaged in plumbing as a business, but neither he nor any of his employees is a licensed registered master or journeyman plumber and it is admitted that defendant's employees at his direction did make connections with water pipes in a dwelling house at 417 Roslyn Avenue, Glenside in Abington Township, as charged in the original information. Defendant is an electrical contractor who for a number of years has been selling and installing electric hot water heaters. These are self-contained fabricated units ready for use when supplied with electric current and connected with a water distributing system. Defendant installed a unit in this instance by making a connection with a cold water pipe on one side of the heater and on the other with the pipe for distributing warm water throughout the house. He used eighteen feet of pipe in making the installation.

Admitting a violation of the letter of the act by making connections with water pipes, defendant attacks the constitutionality of this legislation on two grounds; that the title of the act is insufficient, and that the act insofar as it prohibits the defendant from making a water connection in a dwelling house as an incident of his electrical business is an unwarranted assumption of police power.

The following is the title in its material part: "An act providing for the examination, licensure, and registration of persons, firms, or corporations engaged or engaging in the business or work of plumbing or house drainage, and prescribing certain rules, regulations, and requirements for the construction of plumbing, house drainage, and cesspools ...... and imposing fines, penalties, and forfeitures for violation thereof." It will be noted that the title refers not only to those engaged in the business of plumbing, but to those en-

gaged in the "work of plumbing" as well. Defendant was not in the plumbing business, but when he made the electric heater a part of the water distributing system by connecting it with water pipes in the house, he did an act of plumbing and in so doing was engaged in the work of plumbing to that extent.

"The Constitution presupposes a reasonably inquiring state of mind" in those who read the title to an act: *Reeves v. Phila. Suburban Water Co.*, 287 Pa. 376, 135 A. 362. That state of mind in the defendant should have prompted him to examine the act to inform himself of the limitations which he must observe in incorporating any device or fixture into the plumbing system of a dwelling house. The prohibited act though substantive, is not disconnected from plumbing, the named subject of the legislation, but on the contrary is within its scope. The title of an act need not be so particularized as to include all of its subject matter. "So long as the title indicates a general subject to which the provision involved is germane or incidental, the provision itself is sufficiently contained." *Commonwealth v. Stofchek*, 322 Pa. 513, 185 A. 840. The title to this act gives sufficient notice of its contents.

The second proposition, that the amended act infringes rights secured by the Constitution and is an unwarranted exercise of police power, cannot be sustained. The original code of 1901 was upheld in *Beltz v. Pittsburgh*, 211 Pa. 561, 61 A. 78, and in *New Castle City v. Withers*, 291 Pa. 216, 139 A. 860. These authorities are to the effect that the regulation of plumbing and drainage is an appropriate subject of municipal concern and that a statute such as this, enacted for the protection of public health, can be set aside by the courts only when it plainly has no real or substantial relation to the subject or is a clear invasion of rights secured by the fundamental law. An application of these principles establishes the amendment of 1937 as a valid exercise of police power. The plumbing

system in a dwelling house has two principal functions; one to bring in and distribute a supply of water for human use and consumption, and the other to carry off wastes. How each of these functions is performed has a relation to health. The license of a plumber is a badge of his qualifications. The making of a connection with a water pipe is a simple operation, but if a person not a plumber can install an electric heater and make it part of the water distributing system of a dwelling house, there is nothing to prevent him from installing other prefabricated plumbing fixtures. The requirement that all water connections shall be made by registered, licensed plumbers is some protection against the installation of improper fixtures and devices. To sustain a conviction in this case it is not essential that it appear that the specific violation was an actual menace to health. It is sufficient that this legislation, including the provision which is the subject of this appeal, bears a real and substantial relation to public health. *Liggett Co. v. Baldridge,* 278 U. S. 105.

The judgment is affirmed.