## Plumbers' Licenses

RENO, Attorney General, July 19, 1939.—This department is in receipt of your communication dated June 15, 1939, in which you requested an opinion concerning the effect of the Act of May 17, 1939, P. L. 151, upon licenses to plumbers issued heretofore, and the effect, if any, upon your procedure in arranging additional examinations for new applications for plumbing licenses.

The Act of 1939, supra, provides that the Act of June 7, 1901, P. L. 493, as amended, and extended to boroughs, incorporated towns and townships of the first class by the act approved March 31, 1937, P. L. 168, is repealed insofar as it relates and applies to boroughs, incorporated towns, and townships of the first class.

The nub of your diffculty lies in the fact that the act under consideration does not contain any effective date.

You have informed us that your department has issued registration cards to the successful applicants applying for the first time and to those who renewed their registrations for the year 1939. It appears that the license

forms do not have any termination date while the registration cards bear the termination date of December 31, 1939.

The Statutory Construction Act of May 28, 1937, P. L. 1019, provides in article I, sec. 4, as follows:

"All laws hereafter enacted finally at a regular session of the Legislature, except laws making appropriations, shall be in full force and effect from and after the first day of September next following their final enactment, unless a different date is specified in the law itself."

The conclusion is inescapable that the repeal of the Act of 1901, supra, as it relates to boroughs, incorporated towns and townships of the first class, becomes effective on September 1, 1939.

Your problem is whether licenses and registration cards heretofore issued, or which may be issued between now and September 1, 1939, will continue in force and effect until the end of the current year or whether such credentials will be invalid on or after September 1, 1939.

The Act of June 7, 1901, P. L. 493, provided for the licensing of plumbers in cities of the second class. This act imposed a duty upon departments, boards or bureaus of health of these cities to issue licenses to persons engaged in the business or work of plumbing.

This act was held to be constitutional as within the police powers in Beltz v. City of Pittsburgh, 211 Pa. 561 (1905).

The Act of 1901, supra, was amended by the Act of May 14, 1909, P. L. 840, and by the Act of May 21, 1913, P. L. 276. These amendments extended the provisions of the Act of 1901 to cities of the third class. The act as extended to third class cities was held constitutional in New Castle City v. Withers, 291 Pa. 216 (1927).

In short, therefore, any person engaged in the business of plumbing in second and third class cities was compelled to apply to the appropriate department or board or bureau of health of the city in which he lived. It is significant to note that no jurisdiction whatsoever was

retained or imposed upon the Department of Health of the Commonwealth of Pennsylvania in regard to these limited applications.

These acts we're amended in the 1937 session of the legislature by the Act of March 31, 1937, P. L. 168. The net result of that amendment was to extend the provisions of the former acts to boroughs, incorporated towns and townships of the first class.

One major distinction, however, was made by the 1937 act and that related to the creation of the Department of Health as the administrative agent in the prescribed territory outside of the cities. All applications made by plumbers in boroughs, incorporated towns and townships of the first class must be made to the Department of Health of this Commonwealth.

The pertinent provision of section 2 of the Act of 1937 is as follows:

"All . . . persons, with three years or more practical experience, engaged . . . in the business . . . of plumbing . . . shall apply in writing . . . for such certificate or license, and in boroughs, incorporated towns, and townships of the first class, such application shall be made to the Department of Health of this Commonwealth, or such department thereof . . . as the said department shall designate; and if, after proper examination . . . such person or persons so applying shall be found competent, the same shall be certified . . . to the Department of Health of this Commonwealth in the case of boroughs and incorporated towns and townships of the first class, who shall thereupon issue a certificate or license to such person or persons, which shall, for the period of one calendar year or fractional part thereof next ensuing the date of such examination, entitle him . . . to engage in . . . the business of plumbing . . .".

Section 2 of the original Act of 1901 as extended by the Act of 1937 to boroughs, incorporated towns and townships of the first class, prohibits any person, other than a registered master plumber, from carrying on the

business of plumbing unless he shall have first secured a license or certificate from the Department of Health of the Commonwealth of Pennsylvania, or from any board of health of such municipality if there is any functioning. This section provides as follows:

"At the expiration of each calendar year said certificate or license shall be null and void. A licensed master or journeyman plumber desiring to continue in . . . the business of plumbing . . . for the ensuing year, shall, between the first and thirty-first days of December of each and every year, surrender the said certificate or license to the department . . . who certified it, and re-register his . . . address, upon such form or forms as may, from time to time, be furnished by the several departments . . .".

It is obvious that the duration of a license was one year, or a fractional part thereof. This undoubtedly was the basis for your policy of inserting the expiration date of December 31st of each year.

However, a different situation has arisen since the repeal contained in the Act of May 17, 1939. Since a license has been rendered unnecessary subsequent to September 1, 1939, the legislature has reduced the importance of the expiration date to a moot question. This is apparent for the reason that no licenses are required in boroughs, towns, and townships of the first class subsequent to September 1, 1939, and, generally speaking, any rights which may have accrued prior thereto have no tangible benefit for the licensee.

In fact, we are of the opinion, since the legislature has decreed that the Department of Health shall no longer exercise jurisdiction over plumbers in the specified localities subsequent to September 1, 1939, that any examination which shall be given before September 1, 1939, will be, more or less, a mere formality.

Circumstances may arise which may make it necessary to hold an examination for applicants who wish to be licensed prior to September 1, 1939. If such examina-

tion can be deferred, this should be done. If any examination must be held *prior* to September 1, 1939, you should advise the applicant that the license will expire September 1, 1939.

In view of the above, we are of the opinion and you are therefore advised, that all licenses and registration cards heretofore issued between now and September 1, 1939, by your department, will be of tangible benefit to the licensees until September 1, 1939, and thereafter will be of no use to them. For this reason we suggest that you insert no registration date on the registration card.