## Commonwealth *v.* Dougherty et al., Appellants.

Argued November 14, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Clyde P. Bailey*, with him *Bailey & Critchfield* and *Rawle & Henderson*, for appellants.

*Franklin E. Barr*, Assistant District Attorney, with him *John H. Maurer*, District Attorney, *Abraham Wernick* and *Samuel Feldman*, Assistant City Solicitor, and *Frank F. Truscott*, City Solicitor, for appellees

OPINION BY BALDRIGE, P. J., January 25, 1945:

These two appeals from judgments entered in the court below for violations of the Act of June 7, 1911, P. L. 680, as amended by the Act of July 2, 1935, P. L. 561, 53 PS §4071, known as the Plumbing Code for Cities of the First Class, were argued together and will be disposed of in one opinion. Each of the appellants, who are steamfitters, was charged with doing plumbing work in an industrial plant without a plumber's license.

The appellants contend that (1) the statutes under which they were convicted are unconstitutional on several grounds and (2) their acts were not in violation of the Plumbing Code as amended.

Article 3, section 3 of the Pennsylvania Constitution of 1874 reads as follows: "No bill, except general appro-

priation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." Appellants assert that the original act of 1911, by its title, is confined to the "business or work of plumbing or house drainage;" that no notice is given in the title that plumbing work or drainage in factories or industrial plants comes within its purview. They contend the amendatory act of 1935, supra, is subject to the same objection as its title repeats what was said in the title of the 1911 statute and adds "further regulating the business and work of plumbing and house drainage in such cities ......"

As has been said many times the title to an act need not be an index to the contents. It is sufficient that reasonable notice be given of what is contained in the body of the statute and that matters dealt with are germane to the subject mentioned in the title: *Mallinger v. Pittsburgh*, 316 Pa. 257, 261, 262, 175 A. 525; *Hadley's Case*, 336 Pa. 100, 106, 6 A. 2d 874. "The Constitution presupposes a reasonably inquiring state of mind, and such a state of mind would follow the trail indicated by the main part of the titles, into the body of the acts." *Reeves et al. v. Philadelphia Suburban Water Co.*, 287 Pa. 376, 135 A. 362. See, also, *Commonwealth v. Leswing*, 135 Pa. Superior Ct. 485, 5 A. 2d 809.

Concededly notice is given that the act relates to plumbing. What is the generally accepted meaning of "Work of plumbing?" A plumber is defined in Webster's New International Dictionary, Second Edition, as "a tradesman who furnishes, fits, and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire protection apparatus for a house or other building including the junctions to the mains and sewers." Work of plumbing pertains to those matters. Anyone engaged in a trade or business that includes those activities is put on notice that the statute affects him. Turning to the body of the 1935 Act, supra, we find in section 1 that it is unlawful

for anyone to carry on a business or work at the trade of plumbing without a license. Plumbing, within the provisions of the act, is then defined. It embraces "drainage, water piping, or the construction, alteration, and repairing any drainage, cesspools, trap, waste vent, or water piping, and fixtures attached thereto, directly or indirectly, connected to the city service water supply, or any connection or connections in relation thereto, except gas or electric water heaters in cities of the first class . . . . . ." It will be noted that plumbing, as defined therein, comprehends drainage in general, that is all kinds of drainage, whether in dwellings, commercial or industrial establishments.

We are of the opinion that the title gave proper notice and the body of the act covers the very type of work done by these appellants.

The appellants further attack the constitutionality of the statute and its amendment on the ground that it violates article 1, section 1, of the Constitution of the Commonwealth of Pennsylvania and the Fourteenth Amendment to the Constitution of the United States in that our legislature attempted under the guise of police regulations to arbitrarily invade the personal property rights of these defendants and unnecessarily interfere with their personal liberty.

Improper connections, either with the city water pipes or sewage conduits, may have serious results. A statute regulating that subject is of importance to everyone in the city as all are concerned with having a pure, uncontaminated water supply and proper drainage facilities. Those matters undoubtedly have a vital relation to public health. Legislation pertaining thereto, including certain prerequisites for those performing that character of work, come within the proper exercise of police powers: *New Castle City v. Withers*, 291 Pa. 216, 139 A. 860. True, no actual contamination of the city water supply was shown to have existed in this case but that is not necessary. Strong possibilities of contamina-

tion fulfill the requirements that its regulatory provisions bear a real and substantial relation to public health: *Commonwealth v. Leswing*, supra, p. 490.

The plumbing code of 1911, supra, and the similar acts applying to various municipal subdivisions have been held as constitutional in this state: *Beltz v. City of Pittsburgh*, 211 Pa. 561, 61 A. 78; *New Castle City v. Withers*, supra; *Rock v. Philadelphia et al.*, 127 Pa. Superior Ct. 143, 191 A. 669, affirmed 328 Pa. 382, 196 A. 59. The 1911 statute and its amendments, in our judgment meet all the statutory requirements.

Every presumption favors the constitutionality of the 1911 statute as amended. Before declaring it unconstitutional we must have a conviction so strong and clear as to leave no reasonable doubt in our minds of its invalidity: *Commonwealth ex rel. Schnader v. Liveright*, 308 Pa. 35, 56, 161 A. 697. This court said in *Commonwealth v. Reitz*, 156 Pa. Superior Ct. 122, 125, 39 A. 2d 522. "It is the duty of every court to seek out, if possible, a construction which will support the legislative interpretation of the constitution and nothing but a clear violation can nullify an act of assembly on constitutional grounds."

There is no dispute as to the underlying facts as developed by the commonwealth. These steamfitters were engaged in construction work in the factory of General Electric Company in Philadelphia. An eight inch water main carried the city water from the street to a four inch connection running along the ceiling of the basement of the factory, which had been installed by plumbers. The defendants tapped this subsidiary line, where valves had been installed by the plumbers and the water was discharged into tanks or vats containing mercury cyanide solution used in plating. From these acid cooling tanks water was drained into the sewer. The work done by the defendants was clearly within the prohibition of the express wording of the 1935 amend-

ment and it created danger of contamination to the public water supply, unless done by duly authorized plumbers.

The appellants cite *Pittsburgh v. Kane*, 141 Pa. Superior Ct. 44, 14 A. 2d 887, to support the contention that there was no violation of the act. That case is readily distinguishable in its facts from the one in hand. We there held that it was not unlawful under the act of 1911, as amended, applicable to second class cities, for steamfitters to install a pipe carrying off condensed moisture from an air conditioning unit and allow the moisture to be carried off through an open sink or drain, the latter being properly constructed by a plumber. That case did not deal with direct connections with city supply as here.

We find no error in the disposition of this case by the learned court below. The judgment is affirmed in each appeal.