## City of Lancaster v. Dupree

*Charles L. Miller* and *W. Lloyd Snyder, Jr.*, for appellant.

*Bernard M. Zimmerman*, city solicitor, and *John B. Rengier*, assistant city solicitor, for City of Lancaster.

SCHAEFFER, P. J., May 28, 1948.—Defendant, William E. Dupree, appealed from two summary convictions before an alderman for alleged violations of the Plumbing Code. The facts are not in dispute but they present legal questions for the court's determination. The testimony as submitted relates to certain domestic heating installations made by defendant at two separate residences in Lancaster City, Pa.

At 715 Columbia Avenue, Lancaster City, defendant disconnected and removed part of the supply pipes leading from the old hot water storage tank to the hot and cold water supply lines; removed the old hot water storage tank and dome heater; installed a new oil-fired hot water heater (oil burner and tank in one unit); installed new connecting or supply pipes to and from the new hot water heater, connections being made with the existing lateral supply pipes at the same places where the previous installation had made connections.

At 130 East Walnut Street, Lancaster City, defendant disconnected water pipes at joints in the lateral supply lines leading from a hot water storage tank to the hot and cold water pipes of the main system;

allowed the old hot water storage tank and the old bucket-à-day, together with the disconnected pipes, to remain on the premises in original position; installed a new hot water heating unit containing a submerged tankless water heater for domestic use; installed new connecting or supply pipes to and from the coils in the heating unit providing instantaneous hot water, connections being made with the lateral supply pipes at the same places where the previous installation had made connections; disconnected the supply pipe leading to the old house-heating unit, as shown on defendant's exhibits 1, 2 and 9, and installed a new supply pipe from the point where disconnected to the new house-heating unit.

The question is whether these installations constitute plumbing within the purview of the Plumbing Code relating to cities of the third class, as amended.

Defendant is not a licensed and registered plumber. He is in the heating business with his son, the latter having graduated at Penn State College as a mechanical engineer specializing in heating. It is practically admitted that defendant can legally install a domestic heating plant and can likewise make water connections under the present statutory law of Pennsylvania. However, the City of Lancaster contends that defendant violated the Plumbing Code by altering the location of certain water pipes when he removed water pipes leading into and out of existing hot water heaters and installed new water pipes leading into and out of new hot water heating plants at new locations, and furthermore that defendant violated the Plumbing Code by not submitting his plans and specifications, and by not obtaining a permit and inspection of the work in question.

On the other hand defendant contends that there is a distinction between heating and plumbing and that he did not violate any law in doing the work in controversy.

The Act of June 7, 1901, P. L. 493, is the original Plumbing Code of Pennsylvania. It was amended by the Act of May 14, 1909, P. L. 840, in order to extend it to cities of the third class having a system of sewerage and water-supply. It was again amended by the Act of May 21, 1913, P. L. 276, to include all cities of the third class. The amending Act of March 31, 1937, P. L. 168, amended about 37 sections of the prior Plumbing Code. In paragraph 6 of section 2 of the amending Act of 1937, it is provided that no person other than a registered master plumber or a registered journeyman plumber in his employ shall be allowed to make any connection with any water, drain, soil, waste or vent-pipe. However, the amending Act of May 26, 1939, P. L. 232, struck out the word "water" and limited the prohibition to the repair or alteration of the location of any water pipes and, accordingly, the penal provisions relative to water connections were correspondingly modified. The amendment followed the decision of Commonwealth v. Leswing, 135 Pa. Superior Ct. 485, which is based upon the Act of March 31, 1937, P. L. 168, supra. In that case defendant, an electrical contractor who was not a licensed and registered plumber, was found guilty of a violation of the Plumbing Code of 1937 for installing an electrical heater by connecting it with water pipes in the house. In doing so it was held that he was engaged in the work of plumbing as set forth in the Act of 1937. The change in the law resulting from the Act of May 26, 1939, supra, was recognized in a decision by Judge Keller in Pittsburgh v. Kane, 141 Pa. Superior Ct. 44. See footnote 2, page 52 of opinion. In that case it was decided that the installation of waste-pipes to air conditioning units is not plumbing work, and such work by one not licensed as a plumber does not constitute a violation of the provisions of the Act of June 7, 1901, P. L. 493, as amended. In Commonwealth v. Noll, 33 Lack. Jur. 103 (1932), it was decided that the installation of a

hot water tank by an employe of the company who sold it, who was not a registered plumber, did not constitute a violation of the Plumbing Code of June 3, 1901, and the amendments thereto. There the top of the tank was connected with the water pipes. In People v. Osborne, 269 N. Y. Supp. 409, the court distinguished between "plumbing and drainage" and "hot water fitting". In this case defendant was not a person holding himself out to the public as a plumber or undertaking to do work as a plumber but was engaged in the installation of hot water heaters. In the installation of a hot water heater apparatus he connected it with the water supply pipes. It was held that this connection was a necessary incident, but did not necessarily bring his work within the classification of "plumbing and drainage".

The Plumbing Code in this State, as amended, relating to cities of the third class does not define plumbing. It is more definite with respect to what are plumbing fixtures. In the Act of March 31, 1937, P. L. 168, sec. 65, the term "plumbing fixtures" is defined as follows: "The term 'plumbing fixtures' are receptacles intended to receive and discharge any liquid water or water carried wastes into a drainage system or treatment works with which they are connected." In section 5 of the 1937 act it is provided that plumbers before commencing the construction of plumbing work in any building in cities of the third class shall file with the bureau of health plans and specifications except as to certain repairs and "shall not be construed to admit of the replacing or installation of any fixture, such as water-closets, bath-tubs, wash-stands, sinks, refrigerator cases, soda or bar fixtures, et cetera, or the respective traps for such fixtures".

If the prosecutions in the instant case had been brought under the Act of 1937, supra, before it was amended by the Act of 1939, under the statutory law as well as the ruling in Commonwealth v. Leswing,

135 Pa. Superior Ct. 485, supra, defendant apparently would have been guilty as charged. However, the Legislature of Pennsylvania by passing the 1939 amendment about one month after the decision in the Leswing case eliminated the requirement that a registered plumber only may make connections with water pipes and limited the prohibition under the Plumbing Code to the repair or alteration of the location of any water pipe. It is admitted that defendant did not do any repair work to any water pipes. C. V. Smith, plumbing inspector of Lancaster City, testified that defendant made no connection with any soil or waste pipes and, accordingly, the question of house drainage is not involved. In Commonwealth v. Dougherty et al., 156 Pa. Superior Ct. 520, the court construed the Plumbing Code of June 7, 1911, P. L. 680, as amended by the Act of July 2, 1935, P. L. 561, relating to cities of the first class. That code defines plumbing and states that it embraces also water piping directly or indirectly connected to the city service water supply or any connection or connections in relation thereto except gas or electric water heaters in cities of the first class. There is now no such or similar provision in the Plumbing Code relating to cities of the third class.

The crux of the instant case is whether defendant altered the location of any water pipes in making the two domestic heating installations in violation of the Plumbing Code relating to cities of the third class. What the legislature meant by the requirement as to the change of location of any water pipe is not clear. It is, therefore, necessary to construe it under the Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, which provides in the enactment of a law that the legislature does not intend a result which is unreasonable. The new water supply pipes installed by defendant were placed in a location different from the water supply pipes which were disconnected, but the former water pipes which were dis-

connected in installing the new heating plant were not placed in any new location. Defendant connected the new domestic heating system with existing water supply pipes and such connection is no longer prohibited by the legislature.

The Plumbing Code has been declared constitutional and it has been held to be a sanitary measure to protect the health of the people. However, under the particular facts and circumstances as shown by the evidence in the instant case, the court concludes that defendant did not violate the present statutory law relating to plumbing in cities of the third class.

And now, May 28, 1948, the two appeals of defendant, William E. Dupree, from the summary convictions are sustained and, after hearing held in this court on March 30, 1948, defendant, William E. Dupree, is adjudged not guilty of a violation of the Plumbing Code as charged.