STATE OF MAINE, (By Complaint), *vs.* FRED HAHNEL.

Kennebec.   Opinion February 7, 1920.

*R. S., Chap. 19, Sec. 112, interpreted.*

Plumbing may be defined as the installing, altering or repairing of pipes, tanks, faucets, valves and other fixtures through which gas, water, waste or sewage is conducted and carried.

It is only when rain-water conductors or leaders enter waste-carrying pipes or drains that the installation or repair of any part of them can be considered plumbing within the meaning of an ordinance requiring a plan of the work to be submitted to the Local Board of Health and a permit obtained.

The complaint in this case does not set out that the rain-water leaders installed by the respondent were connected with any waste, drain or soil-pipe. No offense, therefore, is charged in the complaint.

Complaint and warrant under provisions of an ordinance of the City of Hallowell, said ordinance being based on R. S., Chap. 19, Sec. 112. Respondent was sentenced to pay a fine of fifty dollars. By consent of parties, case was reported to Law Court upon an agreed statement. Judgment in accordance with opinion.

Case stated in opinion.

*Walter M. Sanborn, County Attorney*, for the State.

*McGillicuddy & Morey*, for respondent.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J. This case came before this court on an agreed statement of facts from the Superior Court of Kennebec County. It involves the single question of the sufficiency of a complaint before the Hallowell Municipal Court under an ordinance of that city relating to plumbing adopted under Sec. 112, Chap. 19, R. S., which directs cities and towns having water and sewage systems to enact by-laws and ordinances regulating the installation, repair and inspection of pipes, faucets and other fixtures through which water or sewage is carried.

In accordance with this statute the city of Hallowell had enacted an ordinance prohibiting any plumbing work being done in that city without a plan of the number and kind of fixtures and the size of the waste and vent-pipes being filed with and a permit being obtained of the local Board of Health.

The complaint sets forth in substance that the respondent did plumbing work at said Hallowell, to wit, placed rain-water leaders on a certain building without first filing such plan and obtaining such permit.

The respondent contends that the acts charged in the complaint are not plumbing work within the meaning of the statute and ordinance. We think his contention must be sustained.

A plumber has been defined as one who fits dwellings and public buildings with tanks, pipes, traps, fittings and fixtures for the conveyance of gas, water and sewage. *State* v. *Gardner*, 58 Ohio St., 599. Plumbing, therefore, as indicated by Sec. 112 of Chap. 19, R. S., by which this ordinance was authorized, may be defined as the installing, altering or repairing of pipes, tanks, faucets, valves, and other fixtures through which gas, water, waste or sewage is conducted and carried.

True, the ordinance requires rain-water leaders to be properly trapped, but this must be construed as applying only when they enter house-drains, soil-pipes or other waste-pipes; and it is only when they enter such waste-carrying pipes or drains that their installation and repair, or any part of, it can be regarded as plumbing within the meaning of the ordinance.

The complaint does not set out that the rain-water leaders installed by the respondent were connected with any waste, drain or soil-pipe. The installation of rain-water leaders unconnected with any waste, drain, or soil-pipe not being plumbing work within the meaning of the ordinance, no offense is charged in the complaint.

Entry must be,

*Complaint dismissed.*
*Respondent discharged.*