## Commonwealth v. Capini

*James C. Lanshe*, for Commonwealth.

*William N. Kaneham, Jr.*, for defendants.

KOCH, J., July 1, 1957.—Defendants in each of the above cases were charged before an alderman of the City of Allentown, with a violation of City Ordinance No. 1331, art. X, sec. 1, the pertinent portion of which provides as follows:

"It shall be unlawful for any person to carry on the plumbing business or to make any connections or repairs to any of the water pipes, either public or private, without first receiving a license from the Bureau of Health . . ."

Counsel for the prosecutor and defendants have filed an agreed statement of facts upon which they request the court to determine the guilt or innocence of defendants. These facts are as follows:

1. Defendant, on December 10, 1956, without a plumbing license from the City of Allentown, was engaged in the laying of nonmetallic reinforced concrete pipe in an excavated trench in an area within the fence line of the Western Electric plant on Union Boulevard, Allentown.

2. The sole purpose of the pipe, which defendant was engaged in laying, was to drain rain water from a contemplated parking area to the Lehigh River, none of which pipe is in any way connected to the sanitary sewer lines, nor to any sewage system, nor is there any discharge from the said pipe into any existing drain or into any part of the sewage system.

3. The contemplated parking area, above referred to, is completely divorced from any and all buildings, and there is no connection between this pipe and any other pipe.

4. The pipe, above referred to, is wholly independent from any other storm drain, and has no connection to any existing drain.

5. None of the pipe is to carry any water or other materials for human use and/or consumption, there being an entirely separate system therefor.

6. There is no connection between the above said pipe and any house or building drainage.

7. The pipe, above referred to, is new pipe and not an alteration or repair of any present existing pipes.

Plumbing codes of the type before us have been declared constitutional upon the basic principle that they are sanitary measures to protect the health of the people: Beltz v. City of Pittsburgh, 211 Pa. 561; Rock v. Philadelphia, 328 Pa. 382.

It is clear that under the stipulated facts defendants are not charged with that portion of the ordinance referring to the making of connections or repairs to water pipes. Consequently, the only question before us is to determine whether they were carrying on the plumbing business.

Unfortunately, the ordinance fails to define the word "plumbing" and we are obliged to seek other sources for a solution of the problem before us: Commonwealth v. Dougherty, 156 Pa. Superior Ct. 522, held as follows:

". . . What is the generally accepted meaning of 'Work of plumbing?' A plumber is defined in Webster's New International Dictionary, Second Edition, as 'a tradesman who furnishes, fits, and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire protection apparatus for a house or other building including the junctions to the mains and sewers.' "

We might summarily conclude this opinion on the basis of the above definition and hold that defendants were not engaged in plumbing. However, we deem it important to express the view that we cannot comprehend in what manner the drainage of this parking area with concrete pipes has any relationship to the public health. True, this surface water is drained into the Lehigh River, but it cannot be said that it is part of the general sewerage system of the City of Allentown and none of the concrete pipes are connected to the sanitary sewer lines. It must also be observed that this type of licensing requirement is not intended to benefit a particular trade but for the benefit and well being of the public: Pittsburgh v. Kane, 141 Pa. Superior Ct. 44.

In State v. Hahnel, 118 Me. 452, 108 A. 755, the Supreme Court of Maine had before it the question whether the installation on a building of rain water leaders unconnected with any house drains, soil pipes or other waste pipes constituted plumbing work. The court concluded that it was not and expressed the view that it was only when rain water leaders entered into waste carrying pipes or drains that their installation and repair should be regarded as plumbing within the meaning of the ordinance. While this decision is not binding on this court, we nevertheless deem it to be authoritative.

Counsel for the prosecution maintains that the provisions of section 18, Act of June 7, 1901, P. L. 493,

as amended by the Act of March 31, 1937, P. L. 168, 53 PS §4616, which refers to yard, ramp, area and court drains, should persuade us that defendants are engaged in plumbing. This provision is as follows:

"All yards, paved ramps, areas and courts must be drained and sewer connected, such as gasoline or oil service stations and buildings of similar nature or construction. Tenement-houses and lodging-houses must have the paved yards, ramps, areas and courts drained into the sewer, and under no circumstances shall surface or storm water be allowed to drain over walks or driveways. These drains, when sewer connected, must have connection not less than four inches in diameter. They should be controlled by one trap,— the leader trap, if possible."

This statutory provision does nothing more than specify the manner in which certain areas are to be drained. It is questionable whether it is applicable to the work done at Western Electric, but whether this provision has been adhered to or not is a problem for others to decide. Our only finding is that the work which was done thereon cannot be regarded as plumbing.

It would be unrealistic and an undue strain on any reasonable definition of the word "plumbing" to find, under the facts before us, that these defendants are guilty of a violation of the ordinance. In so finding we also consider the familiar doctrine that penal provisions must be strictly construed.

### Order

And now, July 1, 1957, defendants, Joseph Capini and Benjamin Matthews, are found not guilty of a violation of City of Allentown Ordinance No. 1331, art. X, sec. 1. Costs of said prosecution are placed upon the County of Lehigh.