Henry A. Hudson, J.
This is an application by one James Tesoriero for an order directing the Examining Board of Plumbers of the City of Oswego, New York, to grant his application to take an examination for a master plumbers’ license and for a further order directing the Examining Board of Plumbers and the Board of Health of the City of Oswego to delete and expunge from the existing Plumbing Rules and Regulations of the City of Oswego, New York, certain portions thereof.
There is little dispute about the facts, it appearing that the petitioner, a resident of the City and County of Oswego, New York, doing business therein under the assumed name and style of J & K Boiler Company, plumbing and heating contractors with his place of business at 78 East Second Street in the City of Oswego, New York, has been doing business in that city and county since 1954. Petitioner sets forth in his petition that he has had five years’ experience as a journeyman plumber in the trade, business or calling of plumbing but that he has not been in the employ of a master plumber who is the holder of a certificate of competency issued by the Examining Board of Plumb *413 ers of the City of Oswego or a certificate issued by the Examining Board of Plumbers in any other municipality; that on December 27, 1961 the petitioner submitted his application to take the examination for a certificate of competency upon a form supplied by the Examining Board of Plumbers of Oswego, New York. The application was accompanied by the required certified check and by the required affidavit as to experience and competency. The Examining Board of Plumbers have refused to accept such application or permit the petitioner to take the examination. The grounds for such refusal are that the provisions of section 1-a of the Plumbing Bules and Begulations of the City of Oswego, New York, officially in full force and effect on the 27th day of December, 1961 required that a person to qualify to take the examination for a certificate of competency as an employing or master plumber, shall have, at least five years’ experience as journeyman in the trade, business or calling of plumbing during which period the applicant shall have been in the employ of employing or master plumbers who are the holders of a certificate of competency issued by the Examining Board of Plumbers of the City of Oswego or certificates issued by Examining Boards of Plumbers in other municipalities.
It appears from the application of the petitioner that he had been employed in the plumbing business by himself for 10 years and from his affidavit filed with the application to establish his qualifications and ability as a plumber, that he had been engaged outside the City of Oswego, New York, both personally and in a supervisory capacity during the years 1955 to 1961 inclusive.
The sole question at issue upon this application appears to be the constitutionality of the provisions of section 1-a of the Plumbing Bules and Begulations of the City of Oswego, New York, namely, whether the same constitutes a valid exercise of police power and are reasonable for the purpose of protecting the public health, morals and general welfare. Such section 1-a reads as follows: “ section 1-a. qualifications and experience of applicants for examinations : Persons making applications to the Examining Board of Plumbers for an examination for a certificate of competency, shall be persons who have had at least (5) years’ experience as journeymen in the trade, business or calling of plumbing, during which period the applicant shall have been in the employ of employing or master plumbers who are the holders of a certificate of competency issued by the Examining Board of Plumbers of the City of Oswego or certificatess issued by Examining Boards in other municipalities.”
The petitioner does not question the validity of the provisions of sections 44 to 46 of article 4 of the General City Law or the *414 right of the Examining Board of Plumbers and the Board of Health in the City of Oswego to adopt Plumbing Buies and Begulations, or the validity of the provisions of Plumbing Bules and Begulations of the City of Oswego contained within sections 1 to 4 thereof, except for the provisions of section 1-a.
Section 1-a contains the requirement that a person, in order to be eligible to take an examination for a certificate of competency as a master or employing plumber, not only must have had at least five years’ experience as a journeyman in the trade, business or calling of plumbing but also requires that such five years must have been served while the applicant was in the employ of employing or master plumbers who are the holders of certificates of competency issued either by the Examining Board of Plumbers of the City of Oswego, New York, or of other municipalities.
It was conceded upon the argument of the motion by the respondent that persons engaged in the plumbing business outside of the City of Oswego were not required to be licensed as master plumbers in order to carry on a plumbing business and that one who had been engaged for 30 or 40 years in the plumbing business outside of the City of Oswego, in any of the numerous villages or communities in the county would not be eligible to take the examination for master plumber in the City of Oswego until he had spent five years in the employ of one holding a certificate of competency issued by the respondent or by an Examining Board of Plumbers in some other municipality having such a board. It is, therefore, clear that one otherwise perhaps well qualified to be a master or employing plumber, upon moving from some rural area in the County of Oswego, or anywhere else for that matter, to the City of Oswego, who had been engaged in the plumbing business for 20 or 30 years would be unable to engage in his avocation without spending five years as a journeyman plumber in the employ of a master plumber holding a certificate of competency issued by respondent or a similar board in another municipality. It does not seem that such a requirement, for permission to take an examination for the purpose of determining the qualifications of an applicant for a certificate of competency, can be said to be necessary or reasonable, for the purpose of protecting the public health, morals or general welfare.
The question of whether the provisions of section 1-a were unreasonable, discriminatory and unwarranted was submitted to the Attorney-General of the State of New York, who, under date of April 11, 1962, advised the attorney for the City of Oswego that in his opinion, the regulation was unreasonable, *415 discriminatory and an unwarranted restriction on the right of an individual to engage in his lawful occupation. It should be noted, however, that in this opinion the Attorney-G-eneral considered the provisions of section 1-a as being limited to five years7 experience in the employ of an employing or master plumber holding a certificate of competency issued by the respondent and did not consider the additional provision extending the privilege to one employed by an employing or master plumber holding a certificate issued by an Examining Board in another municipality.
I am of the opinion that this latter provision as to certificates issued by Examining Boards of other municipalities does not extend or eliminate the unreasonable, discriminatory and unwarranted restriction which the provision of section 1-a places upon an individual to engage in his lawful occupation.
The general principle involved has long been established in People v. Ringe (197 N. Y. 143). This decision passed upon a similar statute regulating the undertaking and embalming business. The court stated (p. 149): “ A statute passed pursuant to the police power should be reasonable. Its real purpose must be to protect the public health, morals or general welfare. A statute cannot, under the guise of the police power, but really to effect some purpose not within such power, arbitrarily interfere with a person or a property right. The statute under consideration unnecessarily interferes in several particulars with that liberty of person and property guaranteed by the Constitution.77
And at page 151: “We cannot refrain from the thought that the act in question was conceived and promulgated in the interests of those then engaged in the undertaking business and that the relation which the business bears to the general health, morals and welfare of the state had much less influence upon its originators than the prospective monopoly that could be exercised with the aid of its provisions.”
In People v. Harrison (170 App. Div. 802) the court held unconstitutional subsequent legislation adopted to correct the statute held unconstitutional in People v. Ringe (supra).
Matter of Beaver (60 N. Y. S. 2d 675) which was cited by all parties, deals only with the right of the Examining Board of Plumbers to pass upon the sufficiency of the experience of an applicant after he had taken the examination.
People ex rel. Stepski v. Harford (286 N. Y. 477) does not pass upon the right of an applicant to take the examination. It merely holds a provision of the plumbing code constitutional which permitted only licensed plumbers to engage in the plumbing business in the City of Newburgh, New York,
*416 People ex rel. Lavier v. Hessler (152 App. Div. 889) is authority merely for the proposition that the Examining Board of Plumbers of any given city has exclusive authority to pass upon the qualifications of an applicant to carry on the work of a master plumber in such city even though a certificate of competency may have been issued to him in some other municipality.
I am, therefore, of the opinion that the petitioner is entitled to take the examination for a certificate of competency to entitle him to a master plumber’s license and that the provisions of section 1-a of the Plumbing Buies and Begulations of the City of Oswego, New York, insofar as they require him to have five years’ employment with an employing or master plumber holding a certificate of competency issued by the Examining Board of Plumbers of the City of Oswego, New York, or some other municipality before being eligible to take such examination are unreasonable, discriminatory and an unwarranted restriction upon the petitioner’s right to engage in his lawful occupation and as such are unconstitutional and void. While I believe that all other preliminary requirements of the application were complied with by the petitioner as no question in this regard was raised by the respondent on this application, I am of the opinion that further action in respect to petitioner’s application is up to the Examining Board of Plumbers and the matter is, therefore, remanded to such board for appropriate action in accordance with this opinion.
The additional request of the petitioner for an order directing the Examining Board of Plumbers and Board of Health of the City of Oswego, New York, to delete and expunge from the existing Plumbing Bules and Begulations, the provisions of section 1-a, which have herein been described, is denied, as the court does not feel that it has power to make such direction upon this application. The application is granted, with costs.