Commonwealth—Lt. M. Van Leer *v.* Richard S. Sterlace, Appellant.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene F. Scanlon, Jr.,* with him *Dickie, McCamey & Chilcote,* for appellant.

*James W. Dunn, Jr.,* for appellee.

OPINION BY JUDGE BLATT, March 16, 1976:

On January 2, 1975, a district magistrate found Richard S. Sterlace guilty of violating Ordinance No. 662 which restricts the manner of distributing advertising material to residents of McCandless Township (Township) in Allegheny County. On appeal and after a hearing de novo before the Court of Common Pleas of Allegheny County, Sterlace was again found guilty and was fined thirty dollars ($30.00) in accordance with the penalty provisions of the said ordinance. This appeal followed.

Ordinance No. 662 was enacted by the Township on October 8, 1974, as an apparent attempt to curtail the regular distribution within the Township of commercial advertising material which various retail merchants of Allegheny County contracted with Sterlace to deliver to County residents. These distributions consisted of sample products, coupons, and other advertising materials, all contained in six by twelve-inch plastic bags which could be looped onto doorknobs or fastened to hooks attached to mail box posts. When Sterlace made his first distribution to each resident, he included a letter in the package, which explained the distribution service and advised that a resident who did not desire the service or who wished to have it discontinued for a limited period could so inform Sterlace by mail or phone at an address and telephone number listed on the letter.[1] The Township Commissioners, believing that this matter of distribution was unsightly, constituted an invasion of privacy, and increased the possibility of vandalism or burglary, then enacted Ordinance No. 662 which, in its pertinent parts provides as follows:

"Section 1. It shall be unlawful for any person, firm or corporation to distribute advertising material at a residence within the Township (other than at

---

1. Of approximately 6000 such distributions, 62 residents responded that they did not desire the service.

the home of the person, firm or corporation distributing the same) by placing such material at the residence, on the property or on the residential mail box of the person owning or occupying the residence, unless the person, firm or corporation distributing such advertising material does so based upon the *affirmative request or consent* of the person occupying the residence. The foregoing provision shall not apply to the distribution of advertising material through the United States mail service.

"Section 2. Any violation of this Ordinance shall be considered a summary offense and upon conviction before a district Magistrate the violater shall be subject to a fine not exceeding $300.00. Each unlawful distribution to a residence shall be considered as a separate offense." (Emphasis added.)

The ordinance clearly requires the "affirmative" consent of an occupant prior to the distribution of materials, and Sterlace argues that such consent is *implied* by the occupant's accepting the materials after the notice herein given. The meaning of the term "affirmative," however, appears obvious to us and we believe that the ordinance was violated when Sterlace failed to obtain the *express* consent of any occupant prior to making a distribution to that occupant's residence.

Sterlace also argues, however, that the ordinance violates fundamental constitutional principles, and this challenge, of course, merits careful consideration.

Ordinarily, a presumption of constitutionality arises whenever an ordinance is attacked and, of course, the burden of proving otherwise is on the party asserting the invalidity of the ordinance. *Costopoulas v. Zoning Board of Adjustment,* 23 Pa. Commonwealth Ct. 159, A.2d    (1976); *Shomo v. Derry Borough,* 5 Pa. Commonwealth Ct. 216, 289 A.2d 513 (1972). Furthermore, in our review, we may not pass upon the wisdom of a munici-

pal body in enacting a particular ordinance or upon debatable issues of policy involved in its passage; we may only examine the action taken to determine whether or not lawful and constitutional limitations have been transgressed. *Philadelphia v. Brabender,* 201 Pa. 574, 51 A. 374 (1902). Here, the governing body of the Township obviously enacted Ordinance No. 662 as an exercise of the police power delegated to the Township by the General Assembly.[2] It must be remembered, however, that the police power delegated by the state is not infinite and unlimited. The action taken thereunder must be reasonable, it must relate to the object which it purports to carry out, and it must not invade the fundamental liberties of the citizens. *Warren v. Philadelphia,* 328 Pa. 380, 115 A.2d 218 (1955); *Otto Milk Company v. Rose,* 375 Pa. 18, 99 A.2d 467 (1953). It must also be remembered that even legitimate legislative goals cannot be pursued by means which stifle fundamental personal liberty when the goals can be otherwise more reasonably achieved. *See Shelton v. Tucker,* 364 U. S. 479 (1960). We must take cognizance of Sterlace's argument, too, that the right to distribute, circulate, or otherwise disseminate ideas and written materials has long been recognized as an integral part of the fundamental right of free speech and press, guaranteed by the First Amendment of the Constitution of the United States. *Martin v. Struthers,* 319 U. S. 141 (1943); *Lovell v. Griffin,* 303 U. S. 444 (1938). In addition, we are also mindful that the right to distribute literature necessarily embraces the right to receive it. *Martin v. Struthers, supra.* And, while at one time it seemed clear that purely commercial speech did not enjoy First Amendment protections, *Valentine v. Chrestensen,* 316 U.S. 52 (1942),

---

2. Article XV, Section 1502, of the First Class Township Code, Act of June 24. 1931, P.L. 1206, *as amended,* 53 P.S. §56552.

the recent United States Supreme Court opinion in *Bige-low v. Virginia,* 421 U. S. 809 (1975) now makes it explicit that commercial messages which communicate information and disseminate opinion are not unprotected *per se.* Indeed, in our view, the reasoning advanced in *Bigelow* makes it virtually impossible to distinguish now between the protections afforded the dissemination of information on a purely commercial-noncommercial basis.[3]

In any event, even a cursory examination of Ordinance No. 662 reveals that it attempts to restrict the dissemination of clearly protectable information. It applies to *all* advertising, both commercial and noncommercial. Moreover, while it is apparent here that the materials distributed by Sterlace are commercial in nature, even such materials, most probably, contained or were likely to contain some information which is entitled to First Amendment protections under the principles announced in *Bigelow.*

While the Township argues that Sterlace is not totally prohibited from communicating the information that he has been distributing, (there being nothing to restrain him, for example, from sending the advertisements through the mails) Ordinance No. 662 prohibits him from using one of the most common methods of communication —*i.e.* door-to-door distribution—*absent the express request or consent of the occupant.* We believe that this amounts to an unduly burdensome restriction on his rights, especially when balanced against the object sought to be obtained by the Township's exercise of its police power.

---

3.  Unfortunately, the court in *Bigelow* did not expressly overrule *Valentine v. Chrestensen,* but it clearly left in doubt the continuing vitality of that earlier decision. *See Terminal-Hudson Electronics, Inc. v. Department of Community Affairs,* 407 F. Supp. 1075 (D.C. Cal. 1976).

The Township here seeks to protect its citizens from unsightly materials, but, in our view, unsightliness of the packages in itself would not be sufficient to so restrict the exercise of First Amendment rights. *See Schneider v. Irvington,* 308 U.S. 147 (1939). And the privacy of its citizens, which the Township also seeks to protect, does not seem unduly invaded by the mere distribution of materials being attached to a doorknob or mail box. There is no door-knocking or bell-ringing against which a municipality might arguably offer some protection under authority of its police power. *Martin v. Struthers, supra.* And, as to the need to protect its citizens from vandalism and burglary which might be encouraged by the accumulation of unremoved distributions when an occupant is away from his or her residence, the resident concerned is amply protected by the measures for discontinuing service which have been made readily available by Sterlace. The Township cannot limit an individual's right to disseminate information on the theory that the potential recipient of the information will not employ readily available measures to afford himself ample protection against the alleged evils cited by the Township. We believe, therefore, that the Township's attempted exercise of its police power in this instance has unreasonably infringed upon Sterlace's protected rights, and that Ordinance No. 662 must be held to be unconstitutional.

In view of the foregoing, the order of the Court of Common Pleas of Allegheny County is hereby reversed and the conviction of and penalty imposed upon Richard S. Sterlace are hereby vacated.