## Commonwealth v. Beck

*Norman Lubin,* for City of Williamsport.
*Michael Collins*, for defendant.

GREEVY, *P.J.*, April 28, 1977—Defendant was found guilty of two violations of a City of Williamsport ordinance regulating the licensing and practice of the business of plumbing. Defendant appealed and the matter is now before us de novo. The parties have stipulated to, and accordingly the court makes the following

## FINDINGS OF FACT

1.  On May 11, 1976, defendant, James L. Beck, was charged with a violation of the City of Williamsport Codified Ordinance, art. 1727, in that he engaged in the business of plumbing without having a necessary license. Defendant was found guilty of the violation of the ordinance, paid a fine and costs in the amount of $26 on June 1, 1976, and then on June 10, 1976, appealed the matter to the Court of Common Pleas of Lycoming County, at 76-10, 715.

2.  On May 11, 1976, defendant was charged with a violation of the City of Williamsport Codified Ordinance, article 1727, by installing two new water

services without a permit. On June 1, 1976, defendant paid a fine and costs in the amount of $26 and on June 11, 1976, appealed the matter to the Court of Common Pleas of Lycoming County at 76-10, 714.

3. Defendant did not have a license or permit as required by the ordinance of the City of Williamsport at the times of the alleged violations.

4. Defendant is not a master plumber as defined by the ordinance, nor was he at the time of the violations working with a master plumber.

5. Defendant took the plumber's test for the City of Williamsport on two prior occasions and failed the tests both times. Defendant took the tests at times before the ordinance required an apprenticeship.

6. The ordinance requires that in order to do the work described in paragraphs 1 and 2 a permit or license must be obtained from the City of Williamsport by a master plumber. Under the ordinance, in order to become a master plumber an individual must serve four years of apprenticeship and two years as a journeyman prior to being able to take the test for a master plumber. See Codified Ordinance of the City of Williamsport, art. 1727, sec. 2.5(d), (e).

7. The City of Williamsport is the only municipality in Lycoming County which requires a license or permit to do plumbing; a master plumber is the only individual who may apply for such permit or license.

8. Under the ordinance no one may perform the work referred to in paragraphs 1 and 2 in the City of Williamsport without a permit. Such work may be performed in all other municipalities throughout the County of Lycoming without a permit.

## DISCUSSION

In 1975, the city amended its plumbing ordinance, and in so doing added the six-year requirement which defendant now challenges. Prior to 1975 no such requirement existed.

The pertinent sections of the ordinance, at article 1727.11, are as follows:

"Sec. 2.5—Certification

"The Board of Plumber Examiners shall issue master or journeyman certification to persons pursuant to the following provision:

" . . .

"(d) Persons with an apprentice registration shall be eligible to take the journeyman plumber examination, provided they have had four-year apprenticeship with two of the years under the field instruction of a master or journeyman plumber. . . .

"(e) Persons who hold a journeyman's certificate and have worked two years under the direct supervision of a master plumber are eligible to take the master plumber certification examination."

Defendant contends that the provisions of the ordinance requiring six years of employment as a plumber under the supervision of a journeyman and a master plumber in order to be eligible for the master plumber's examination constitute an unreasonable exercise of police power by the City of Williamsport.

The regulation of the occupation of plumbing through examination and licensure is rooted in the Act of June 7, 1901, P.L. 493, as amended, 53 P.S. §4591, which provides:

"From and after the passage of this act, it shall not be lawful for any persons to carry on or work at

the business of plumbing or house or building drainage in cities of the second, second class A, and third class of this Commonwealth until a certificate or license to engage in or work at said business shall have been granted said persons by the director of the department of public safety, or department or board or bureau of health, of such cities; nor until they have registered as such in the office of the department or board or bureau of health of said cities, as hereinafter provided."

The act further provides for application and testing procedures and establishes a board of examiners to promulgate rules and regulations and administer the required examinations. The constitutionality of the Act of 1901 was attacked early, and its validity was upheld by the Pennsylvania Supreme Court in Beltz v. City of Pittsburgh, 211 Pa. 561, 61 Atl. 78 (1905). The court held that the act, "[i]n its nature . . . is a definition and regulation of the police power on a subject which is one of municipal concern." Beltz, supra, at 562. Further amendments extending the scope of the act to cities of the third class: Act of May 14, 1909, P.L. 840, 53 P.S. §4591 et seq.; were sustained in New Castle City v. Withers, 291 Pa. 216, 139 Atl. 860 (1927), wherein the court stated that "it cannot be said that the statute in question is an unwarranted exercise of the police power." New Castle City, supra, at 222.

In a further challenge to the validity of the act, the Superior Court, in a case on which the city relies in the instant appeal, stated:

"[T]he regulation of plumbing and drainage is an appropriate subject of municipal concern and . . . a statute such as this, enacted for the protection of

public health, can be set aside by the courts only when it plainly has no real or substantial relation to the subject or is a clear invasion of rights secured by the fundamental law. . . The license of a plumber is a badge of his qualifications. . . The requirement that all water connections shall be made by registered, licensed plumbers is some protection against the installation of improper fixtures and devices. To sustain a conviction in this case it is not essential that it appear that the specific violation was an actual menace to health. It is sufficient that this legislation, including the provision which is the subject of this appeal, bears a real and substantial relation to public health. [Citation omitted]." Com. v. Leswing, 135 Pa. Superior Ct. 485, 489-90, 5 A. 2d 809, 811 (1939).

Thus the enabling legislation has, through the years, withstood attacks on its validity based on the argument that the Act of 1901 is an unwarranted exercise of police power. For defendant to succeed on this appeal, he must demonstrate that the local ordinance, enacted pursuant to a valid state law, so exceeds the powers vested in the city to enact such legislation that it bears no reasonable relation to the scope or the intent of the act. Defendant faces the strong presumption of validity which attaches to such legislation. "It is a well established principle in our law that an act passed by a legislative body is presumed to be constitutional. [Citations omitted]. This presumption of constitutional validity applies with equal force to ordinances. [Citation omitted]." Lutz v. Armour, 395 Pa. 576, 578, 151 A. 2d 108, 110 (1959). "[T]he burden of proving otherwise is on the party asserting the invalidity of the ordinance." Com. v. Sterlace, 24 Pa. Commonwealth Ct. 62, 65, 354 A. 2d 27, 28 (1976).

We therefore consider whether the City of Williamsport has engaged in an unwarranted exercise of its police power against a backdrop of enabling legislation which has consistently overcome challenges to its validity and a judicially formulated presumption that the ordinance in question is constitutional. Our inquiry is two-fold:

"'To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals':[Citations omitted]. 'In applying these standards a regulation must be measured by its "reasonableness," Goldblatt v. Hempstead, 369 U.S. 590 . . . (1962).'" Sobocinski v. City of Williamsport, 13 Pa. Commonwealth Ct. 425, 429-30, 319 A. 2d 697, 700 (1974).

That "the interests of the public generally . . . require such interference" is well-established in the instant case, based on the authority cited above, which as far back as 1905 has held that the regulation of plumbing is "a subject which is one of municipal concern." Beltz v. City of Pittsburgh, supra. The remaining question, then, is whether "the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." This is the real crux of the matter, for it is the requirement that a plumber must have six years of experience as defined by the ordinance before qualifying for the master plumber

examination which defendant contends is unreasonable and deprives him of the ability to make a living in his chosen profession.

In support of his position defendant cites another provision of the Act of 1901, which sets forth:

"All and every person, or persons, *with three years or more practical experience,* engaged or engaging in the business or work of plumbing . . . shall apply in writing to the said director of the department of public safety, department or board or bureau of health, for such certificate or license . . .; and if, after proper examination made by the department . . . such person or persons so applying shall be found competent, the same shall be certified to the director of the department of public safety . . . who shall thereupon issue a certificate or license to such person or persons . . ." 53 P.S. §4592. (Emphasis supplied.)

The three-year eligibility requirement in the Act of 1901 is not, however, binding on the City of Williamsport. The city is organized pursuant to the Optional Third Class City Charter Law of July 15, 1957, P.L. 901, 53 P.S. §41101 et seq., under which it "has broad powers, within constitutional limitations, of course," to regulate activities such as the one in the instant case within its boundaries: Kadash v. City of Williamsport, 19 Commonwealth Ct. 643, 648, 340 A. 2d 617, 620 (1975). "The Optional Third Class City Charter Law . . . grants to a city adopting a charter thereunder, broad powers of self-government and local autonomy subject only to certain limitations prescribed by the act." Greenberg v. Bradford City, 432 Pa. 611, 613, 248 A. 2d 51, 52 (1968). Thus the City of Williamsport

may, by ordinance, prescribe standards of eligibility for plumbing certification that are more stringent than those enacted by state law, such standards being circumscribed only by the bounds of reasonableness.

Is the six-year requirement reasonable? In deciding this question we look to the interest protected by the ordinance and the panoply of safeguards available. If the six-year requirement is not reasonably related to the public health and safety and if other means of protection and enforcement are adequate, then the constitutional validity of the ordinance must be carefully scrutinized, for "[i]t must also be remembered that even legitimate legislative goals cannot be pursued by means which stifle fundamental personal liberty when the goals can be otherwise more reasonably achieved." Com. v. Sterlace, 24 Pa. Commonwealth Ct. 62, 66, 354 A. 2d 27, 29 (1976).

Article 1727, the ordinance in question, provides a number of regulations and restrictions on the practice of plumbing in the City of Williamsport in addition to the requirement that a plumber work four years as an apprentice and two years under a master plumber before taking the master plumber examination. Articles 1727.03, 1727.05 and 1727.08 make all plumbing work done in the city subject to supervision and inspection by a plumbing inspector. Articles 1727.06 and 1727.07 require that permits be issued for all plumbing work. Article 1727.11, section 1.7, sets forth the penalty for violations of the plumbing ordinance, time limits for commencement of permitted work and hearing procedures. Further penalty provisions appear at article 1727.99. Article 1727.11, part two, requires, inter alia, registration and certification with the

Board of Plumbers Examiners, sets forth the duties of the board, requires a passing grade of 70 points for certification, has a reciprocity provision for plumbers from other jurisdictions and provides conditions for revocation of certification or registration. Certainly if one excludes the six-year requirement of section 2.5, there still exist numerous safeguards for the proper regulation of plumbing and the protection of the public health and welfare. The challenged requirements add nothing in the way of reasonable regulation; their only purpose could be to unduly restrict defendant's right to engage in his lawful occupation for a protracted and unnecessary period of time. See Tesoriero v. Examining Board of Plumbers, 36 Misc. 2d 412, 232 N.Y. Supp. 2d 706 (Sup. Ct. 1962).

It is well-settled in this Commonwealth that every citizen has an inalienable right to engage in lawful employment: In re Shigon, 462 Pa. 1, 329 A. 2d 235 (1974); Harris v. State Board of Optometrical Examiners, 287 Pa. 531, 135 Atl. 237 (1926); State Board of Podiatry Examiners v. Lerner, 213 Pa. Superior Ct. 63, 245 A. 2d 669 (1968); Com. v. Christopher, 184 Pa. Superior Ct. 205, 132 A. 2d 714 (1957). "While a state may regulate a business which affects the public health, safety and welfare, it may not, through regulation, deprive an individual of his right to conduct a lawful business unless it can be shown that such deprivation is reasonably related to the state interest sought to be protected." Secretary of Revenue v. John's Vending Corporation, 453 Pa. 488, 492, 309 A. 2d 358, 361 (1973).

There is no doubt, and defendant does not dispute, that the City of Williamsport has the power to adopt plumbing rules and regulations. But such

action, taken pursuant to its police power, "must be reasonable, it must relate to the object which it purports to carry out, and it must not invade the fundamental liberties of the citizens." Com. v. Sterlace, supra, 24 Pa. Commonwealth Ct. at 66. The section of the ordinance in question does not meet these criteria, and its presumption of validity must fall.

## CONCLUSIONS OF LAW

1. Article 1727.11, sec. 2.5(d) and sec. 2.5(e), of the Codified Ordinances of the City of Williamsport constitute an unreasonable exercise of the city's police power and operate to deprive defendant of his right to conduct a lawful business.

2. Article 1727.11, sec. 2.5(d) and sec. 2.5(e), of the Codified Ordinances of the City of Williamsport are hereby declared null and void.

Accordingly, we enter the following

## ORDER

And now, April 28, 1977, defendant is found not guilty and all costs and fines are directed to be returned to him. Costs on Lycoming County.