Simco Sales Service of Pennsylvania, Inc., t/a Jack & Jill Ice Cream Co., Appellant v. Township of Lower Merion Board of Commissioners, Township of Lower Merion Department of Police, and Township of Lower Merion Department of Health, Appellees.

Argued September 29, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Nathan L. Posner,* with him *Jeffrey B. Albert, Barry Applebaum,* and, of counsel, *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Parker H. Wilson,* with him *Wilson, Oehrle, Drayer & Furber,* for appellee.

OPINION BY JUDGE WILKINSON, JR., November 8, 1978:

This is an appeal from an order dismissing appellant's exceptions to a chancellor's adjudication, and making the decree nisi, which vacated a preliminary injunction and dismissed appellant's complaint, the final decree of that court. We reverse and permanently enjoin[1] enforcement of Lower Merion Township's ordinance No. 1769.

---

[1] On May 3, 1978, this Court denied appellant's preliminary injunction pending this appeal on the merits. A preliminary injunction is only appropriate where the right thereto is clear, *Zebra v. Pittsburgh School District,* 449 Pa. 432, 296 A.2d 748 (1972), and in no event should a preliminary injunction issue where greater injury might be done by granting rather than refusing it. *Milk Marketing*

Appellant is a Pennsylvania corporation engaged in the business of "street" sales of ice cream and related products directly to its customers from specially designed trucks operated by driver-salesmen. On May 19, 1976, Lower Merion Township (hereinafter the appellees will be referred to collectively as "Township") enacted ordinance No. 1769 which, in pertinent part, prohibited,

> the selling of merchandise, including food, for commercial purposes, from motor vehicles parked or stopped in the right-of-way of any Township street in such a manner as to require or induce the purchaser to approach the motor vehicle or the person of the seller on the sidewalk, cartway, or any other portion of the right-of-way. . . .

Appellant has conducted its business for nearly fifty years with the bulk of its revenues generated in Southeastern Pennsylvania and portions of New Jersey. Its operation in Lower Merion Township predates the enactment of ordinance No. 1769 by at least seven years. Since August of 1973 appellant has operated pursuant to permits issued and health inspections made by the Township.

Although a variety of objections to enforcement of the ordinance are advanced by appellant, since we find the enactment of ordinance No. 1769 an unreasonable and impermissible exercise of the police power by the Township we will not consider or pass upon appellant's other contentions.

A fair reading of the Township's brief and the opinion of the court below demonstrates that ordi-

*Board v. United Dairy Farmers Cooperative Association*, 450 Pa. 497, 299 A.2d 191 (1973). The avowed purpose of the ordinance, protecting the safety of the Township's residents, especially the children, and the lower court's approval of the ordinance required the denial of the preliminary injunction.

nance No. 1769 must stand or fall under the grant of general police power found in The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §56501 et seq.[2] As Judge ROGERS pointed out in *Knauer v. Commonwealth*, 17 Pa. Commonwealth Ct. 360, 364, 332 A.2d 589, 591 (1975), "[i]t follows that unlimited police powers are not conferred on subdivisions of State government by a general welfare clause or a general grant of powers clause." This case requires the Court to focus its attention on the limits of valid police power regulations by municipal corporations.

The starting point for this inquiry must be the presumption of constitutionality which applies to municipal ordinances with equal force as it does to acts of the legislature. *Lutz v. Armour*, 395 Pa. 576, 151 A.2d 108 (1959); *Costopoulos v. Zoning Board of Adjustment*, 23 Pa. Commonwealth Ct. 159, 351 A.2d 318 (1976). Thus the role of this Court is necessarily

---

[2] Section 1502 of the Code, cls. X, XLIV, 53 P.S. §§56510, 56544, provides:

Public safety

To take all needful means for securing the safety of persons or property within the township.

. . . .

Health and cleanliness regulations

To make such regulations as may be deemed necessary for the health, safety, morals, general welfare, cleanliness, beauty, convenience and comfort of the township and the inhabitants thereof.

Section 1502 of the Code, cl. LII, 53 P.S. §56552, provides:

General powers

To make and adopt all such ordinances, bylaws, rules and regulations not inconsistent with or restrained by the Constitution and laws of this Commonwealth as may be deemed expedient or necessary for the proper management, care and control of the township and its finances, and the maintenance of peace, good government and welfare of the township and its trade, commerce and manufactures.

limited when passing upon the validity of an ordinance. "Even where there is room for difference of opinion as to whether an ordinance is designed to serve a proper public purpose, or if the question is fairly debatable, the courts cannot substitute their judgment for that of the authorities who enacted the legislation." *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 71-72, 141 A.2d 851, 856 (1958).

The tape against which we must measure the ordinance in this case is found in the following portion of Chief Justice STERN's opinion in *Gambone v. Commonwealth,* 375 Pa. 547, 550-52, 101 A.2d 634, 636-37 (1954):

Probably the most important function of government is the exercise of the police power for the purpose of preserving the public health, safety and morals, and it is true that, to accomplish that purpose, the legislature may limit the enjoyment of personal liberty and property. It is also true . . . that the police power has been juridically extended to many fields of social and economic welfare. But . . . the power is not unrestricted; its exercise, like that of all other governmental powers, is subject to constitutional limitations and judicial review. By a host of authorities, Federal and State alike, it has been held that a law which purports to be an exercise of the police power must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained. . . . The question whether any particular statutory provision is so related to the public good and so reasonable in the means it prescribes as to justify the exercise of the

police power, is one for the judgment, in the first instance, of the law-making branch of the government, but its final determination is for the courts. (Citations omitted.)

Applying this test to the ordinance before the Court, we conclude that the prohibition of street sales of ice cream from motor vehicles effected by the ordinance is unreasonable, unduly oppressive and patently beyond the necessities of the case.

The primary justification for the ordinance's banning of street sales of ice cream was the promotion of the safety of the Township's residents, especially young children.[3] Promotion of safety is manifestly an appropriate goal for the exercise of the police power. The more difficult inquiry concerns the reasonableness of the enactment. To answer this question we turn now to an examination of the safety hazards presented the residents of the Township by the street-sales operation conducted by appellant.

In the findings of fact made by the court below it is concluded,

> 9. In spite of these precautions, [i.e. safety measures instituted by appellant] because of the nature of the business and the equipment used, continued operation of plaintiff's enterprise on the public streets of defendant township presents a real and substantial threat to the safety of the residents, especially children, of the community.

---

[3] Ordinance No. 1769 in its legislative findings of fact reads:

2. The sale of merchandise, including food, from motor vehicles parked or stopped within the right-of-way of Township streets creates a hazard to the life and safety of persons, especially children, who are induced to approach such vehicular sales points in the public right-of-way for purposes of making purchases.

Whether this be labeled a conclusion of law or a finding of ultimate fact by the chancellor, "being his reasoning from the underlying facts, [it is] fully reviewable on appeal." *Modany v. State Public School Building Authority,* 417 Pa. 39, 43, 208 A.2d 276, 278 (1965). After examining the record and exercising the "right to make our own inferences and deductions therefrom," *Fiore v. Fiore,* 405 Pa. 303, 305, 174 A.2d 858, 859 (1961), we conclude that the learned judge below erred in drawing this conclusion. The evidence presented in the record is insufficient to support this ordinance as a valid safety measure; we find, rather, that ordinance No. 1769 constitutes an unreasonable and arbitrary interference with private business and on that basis cannot stand.

At the February 2, 1977 hearing the Township declined to offer any testimony from its own witnesses concerning the safety hazards posed by appellant's business, being satisfied, instead, to rely on the evidence presented by appellant. Especially significant in the eyes of the Township was the safety slide presentation shown in court, which is a part of appellant's required training program for its drivers.

The Court has the slide presentation before it, and rather than supporting the conclusion that appellant's business poses a real and substantial threat to the safety of Township residents the slides, in combination with the other testimony, demonstrate that appellant has effectively dealt with any special hazards potentially raised by its business. The Court simply has no evidence to support the existence of a safety hazard to Lower Merion Township residents justifying the prohibition effected by the ordinance.

The words of Judge Mencer in *Fantastic Plastic, Inc. v. City of Pittsburgh,* 32 Pa. Commonwealth Ct. 41, 47, 377 A.2d 1051, 1054 (1977), we think, apply equally to the facts of this case, "the prohibitory na-

ture of the ordinance was unreasonable and clearly beyond the necessities of the case. Since the public policy of this Commonwealth is adequately served by *regulation . . . prohibition . . .* is not the proper method of achieving the [Township's] objective. This prohibitory nature acts oppressively to destroy property rights." (Emphasis in original.)

Accordingly, decree reversed and we will enter the following

ORDER

AND Now, November 8, 1978, the decree of the Court of Common Pleas of Montgomery County, in No. 76-08466, entered December 19, 1977, is reversed, Ordinance No. 1769 is declared unconstitutional, and the record is remanded to said Court to enter a permanent injunction enjoining the enforcement of said ordinance.