## Commonwealth v. Smith

*Merrill W. Kerlin, District Attorney,* for Commonwealth.

*James M. Schall,* for defendant.

KELLER, *J.,* October 31, 1980—A criminal complaint charging defendant with violation of section 1200.1 of the Fulton County Subdivision and Land Development Ordinance of 1973, a misdemeanor, was filed on March 3, 1980 charging defendant committed certain acts on or about February 1, 1980: "to wit: He did excavate and remove topsoil and erect a building in a subdivision lot without first obtaining approval of the Fulton County Planning Commission." On June 11, 1980 trial without jury was commenced. At the conclusion of the Commonwealth's case defendant demurred to the evidence. By agreement of counsel the demurrer was taken under advisement and counsel were given the opportunity to prepare and submit briefs on the demurrer with the understanding that if the demurrer were overruled, the trial would be reconvened and the evidence of the defendant would be heard, and a verdict rendered after arguments of counsel. Briefs of counsel have been submitted and the matter is ripe for disposition.

Solely for the purposes of the demurrer, we make the following findings of fact based on the evidence introduced by the Commonwealth:

1. Section 1200.1 of the said ordinance provides:

Any person, partnership or corporation who violates any of the provisions of this ordinance or who breaches any agreement with the Planning Commission or who fails to comply with any of the provisions or conditions of approval of any subdivision plan shall be guilty of a misdemeanor, and upon conviction thereof, such person or the members of such partnership or the officers of such corporation, the corporation or the agent or any of them responsible for such violation shall pay a fine not exceeding one thousand ($1,000.00) dollars. All fines collected for such violations shall be paid over to the county. In default of such payment, such person may be imprisoned in the Fulton County Jail or to such other institution as he may be sentenced to for a period not in excess of thirty (30) days. Each day's violation of this ordinance or other violation shall constitute a separate offense. The imposition of any penalty hereunder shall be in addition to any other penalty that might be imposed and shall not satisfy the violation nor shall it preclude any civil remedy.

2. Defendant is the owner of a lot in a subdivision in Bethel Township, Fulton County, Pa.

3. Defendant's lot is .041 of an acre (less than 20,000 square feet).

4. The minimum lot size for a single family dwelling served by both on-lot water and on-lot sewer facilities is 40,000 square feet.

5. Defendant's lot is located in a subdivision which was approved by the appropriate authorities.

6. Defendant owned other land adjacent to the lot here in question, and the enforcement officer understood defendant purchased the nonconforming lot for use as a garden.

7. Defendant owns a trailer court adjacent to this lot.

8. The enforcement officer inspected the lot here in question several times prior to February 1, 1980 and found evidence of excavation and removal of topsoil, and the erection of a trailer on the property when no permit for excavation and removal or building erection on the lot had been issued by any proper authority.

9. The enforcement officer was first informed of the existence of the violations by defendant prior to October 8, 1979 when he wrote to defendant advising him of the violation.

10. The enforcement officer testified that it was possible that the mobile home on the lot was still on wheels.

11. The mobile home on the lot in question was occupied.

12. The enforcement officer testified that defendant told him the mobile home was connected to water in his trailer court, and the sewage was being dumped on the ground. The enforcement officer did not see a septic tank system or a water system on the lot.

The issue raised by defendant's demurrer is whether the penalty section of the Fulton County Subdivision and Land Development Ordinance is lawful in that it provides that any violation of the ordinance constitutes a misdemeanor punishable by a fine not exceeding one thousand ($1,000.00) dollars, and upon default in payment imprisonment not in excess of thirty (30) days.

The basic legislative authority for planning and development is the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, art. I, sec. 101 et seq., as amended, 53 P.S. §10101 et seq. Section 501 of the code (hereafter PMPC), 53 P.S. §10501, specifically grants to the governing body of

each municipality the authority to regulate subdivisions and land development by enacting a subdivision and land development ordinance. The ordinance here under consideration was adopted by the County Commissioners of Fulton County under this authority.

Section 515 of PMPC, 53 P.S. § 10501, is the applicable penalty section of the enabling legislation, and it provides:

"Any person, partnership, or corporation who or which being the owner or agent of the owner of any lot, tract or parcel of land shall lay out, construct, open or dedicate any street, sanitary sewer, storm sewer, water main or other improvements for public use, travel or other purposes or for the common use of occupants of buildings abutting thereon, or who sells, transfers or agrees or enters into an agreement to sell any land in a subdivision or land development whether by reference to or by other use of a plat of such subdivision or land development or erect any building thereon, unless and until a final plat has been prepared in full compliance with the provisions of this act and of the regulations adopted hereunder and has been recorded as provided herein, shall be guilty of a misdemeanor, and upon conviction thereof, such person, or the members of such partnership, or the officers of such corporation, or the agent of any of them, responsible for such violation pay a fine not exceeding one thousand dollars ($1,000) per lot or parcel or per dwelling within each lot or parcel. All fines collected for such violations shall be paid over to the municipality whose ordinance has been violated. The description by metes and bounds in the instrument of transfer or other document used in the pro-

cess of selling or transferring shall not exempt the seller or transferor from such penalties or from the remedies herein provided."

The thrust of PMPC section 515 is to prohibit the enumerated activities "unless and until a final plat has been prepared in full compliance with the provisions of this act and of the regulations adopted hereunder and has been recorded. . . ." It is the doing of the enumerated acts before preparation of the final plat as required and its recordation which constitutes the misdemeanor which is limited to a fine not exceeding $1,000. The PMPC provides no penalties for other violations here applicable.

In the only case construing PMPC section 515, the Commonwealth Court affirmed the imposition of a fine for violation of a local ordinance following the language of section 515 where the defendant-landowner had agreed to sell subdivided land before complying with plat requirements: Com. v. Fisher, 23 Pa. Commonwealth Ct. 25, 350 A. 2d 428 (1976).

Since section 1200.1 of the ordinance here challenged is far broader in scope than PMPC section 515, the Commonwealth cannot rely upon section 515; we must determine whether the County Commissioners of Franklin County had the authority to enact section 1200.0 from some other source.

In Knauer v. Com., 17 Pa. Commonwealth Ct. 360, 363-64, 332 A. 2d 589 (1975), the Commonwealth Court addressed itself to the powers of municipal corporations and held:

"It is fundamental that municipal corporations are creatures of the State and that the authority of the Legislature over their powers is supreme. Shirk v. Lancaster City, 313 Pa. 158, 169 A. 557 (1933). Municipal corporations have no inherent powers

and may do only those things which the Legislature has expressly or by necessary implication placed within their power to do. Gagliardi v. Ambridge Borough, 401 Pa. 141, 163 A. 2d 418 (1960). As expressed by Judge Woodside, whose opinion was adopted by our Supreme Court in Kline v. Harrisburg, 362 Pa. 438, 443, 68 A. 2d 182, 184-185 (1949): 'Municipalities are not sovereigns. Their powers are limited. It has been said that: "Nothing is better settled than that a municipal corporation does not possess and cannot exercise any other than the following powers: (1) those granted in express words; (2) those necessarily or fairly implied in or incident to the powers expressly granted; (3) those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied."' It follows that unlimited police powers are not conferred on subdivisions of State government by a general welfare clause or a general grant of powers clause." See also Simco Sales Service of Pennsylvania v. Township of Lower Merion Board of Commissioners, 38 Pa. Commonwealth Ct. 434, 394 A. 2d 642 (1978).

Section 509(d) of the County Code of August 9, 1955, P.L. 323, as amended, 16 P.S. §509(a), provides:

"Any person violating any of the ordinances adopted by the board of county commissioners pursuant to this section shall, upon conviction thereof at a summary proceeding, be sentenced to pay such fine as may be prescribed in such ordinances by the county commissioners but not in excess of one

hundred dollars ($100), to be paid to the use of the county, with costs of prosecution, or to be imprisoned for not more than ten days, or both."

The Commonwealth has been unable to provide us with any statutory or common law authority authorizing the adoption and enforcement of section 1200.1 of the Fulton County Subdivision and Land Development Ordinance, and our independent research has been equally unproductive. We, therefore, conclude the county commissioners exceeded the authority granted to them when they adopted section 1200.1, and it is consequently invalid and unenforceable.

While we agree with the district attorney that the logic of making the failure to plot and record the plat before subdivision a misdemeanor, but providing no penalty for violating an approved plan excapes us, that is a legislative matter over which this court has no control.

### ORDER

Now, October 31, 1980, defendant's demurrer is sustained.

Exceptions are granted the Commonwealth.