H. Richard Bloom, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 9, 1983, before Judges CRAIG, MACPHAIL and BARBIERI, sitting as a panel of three.

*Kathleen Walsh Cramer, Cramer and Cramer,* for appellant.

*Jan G. Sulcove, Black and Davison,* for appellee.

OPINION BY JUDGE CRAIG, June 29, 1983:

H. Richard Bloom appeals from a decision of the Franklin County Court of Common Pleas finding him guilty of two counts of failing to connect to a sanitary sewer.

On September 29, 1980, Washington Township notified Bloom that, pursuant to Ordinance No. 54,[1] the township required him to connect his property to the township sewer system. Bloom failed to do so, and the township instituted criminal action against Bloom, charging him with two summary offenses.

In a consolidated summary trial, a district justice found Bloom guilty of the two counts. Bloom appealed to the Franklin County Court of Common Pleas, which, after a de novo hearing, found Bloom guilty of both summary offenses.

Bloom advances several arguments to support his position that we should reverse his convictions:

(1) his property is not accessible to the sewer system;

(2) if his property is accessible, the township is responsible for installation and maintenance of the necessary pumping facilities;

(3) the ordinance is unconstitutional as applied to Bloom;

(4) the court committed reversible error by not admitting evidence which Bloom offered;

---

[1] The language of the ordinance follows that of Section 1501 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, 53 P.S. §66501, which provides that township supervisors may, by ordinance, require sewer connections and impose penalties to enforce connect orders.

(5) the ordinance violates Bloom's constitutional due process rights.

After considering each of these issues in turn, we must affirm President Judge EPPINGER's sound decision, for the reasons stated below.

### 1. Accessibility

Section 2.01 of Ordinance No. 54 provides, in relevant part:

> The Owner of any Property accessible to and whose principal building is within 150 feet from the Sewer System shall connect such property with and shall use such Sewer System, in such manner as this Township may require, within 60 days after notice to such Owner....

Bloom contends that a combination of several factors removes his property from the scope of the ordinance. Among those is the fact that the first floor of his house, which rests on a concrete slab, is lower in elevation than the nearest sewer line. In order to link his property to the sewer system, Bloom would have to pump the sewage from his home into the sewer line, a vertical distance of 5.51 feet over an unspecified horizontal distance.

However, these facts do not make Bloom's property inaccessible. The ordinance, in §2.01, requires connection "in such manner as the township may require" and does not limit its reach only to those properties at an elevation higher than the sewer system.

Bloom also argues that the ordinance contemplates only connections which can be accomplished by gravity flow from the house to the sewer, citing section 3.06, which provides, in relevant part:

> The invert of a Building Sewer at the point of connection shall be at the same or higher elevation than the invert of the Sewer.[2]

---

[2] Bloom also argues that his structure, and not his real estate, should be the focus of the inquiry into accessibility. However, as

Clearly, this provision requires that the building sewer be at the same or higher elevation than the public sewer only "at the point of connection," not over the whole length of the building sewer.

### 2. Responsibility For Installation and Maintenance

The township has supplied several of Bloom's neighbors with sewage pumps, and it has offered a similar pump to Bloom at no cost.

However, Bloom contends that, if his property be deemed to be accessible to the sewer, the ordinance imposes the duty of installing and maintaining the pumping equipment upon the township.

He bases this argument on §1.01(L) of the ordinance, which defines "sewer system" as:

> all facilities, as of any particular time, for collecting, pumping, transporting, treating and disposing of Sanitary Sewage and/or Industrial Wastes, situate in or adjacent to this township and owned by the Authority.

The same section defines "authority" as "the Washington Township Municipal Authority, Franklin County.... "

However, nothing in this definition constitutes a mandate that Mr. Bloom's residential pump be owned, or maintained, by the public agency.

Furthermore, §1.01(B) of the ordinance defines "building sewer" as "the extension from the sewage drainage system of any structure to the Lateral of the Sewer," and §3.05 requires that property owners bear all costs and expenses of construction of a Building Sewer.

---

the township points out, such a distinction adds nothing to the analysis of the ordinance.

Nor can we consider the township's offer of a pump to be, as Bloom contends, a "tacit admission" of responsibility for installation and maintenance.

### 3.  Unconstitutionality

Bloom argues that, because of his particular situation, the ordinance is unconstitutional as applied to him. If he connected to the system using the pump which the township offers, Bloom contends that malfunction is inevitable and that the backup of sewage into his living area would result in a greater health hazard than his present septic system creates. Bloom further argues that the creation of such a health hazard would be contrary to the declared purposes of the ordinance: "the protection, benefit and preservation of the health, safety and welfare" of the township residents.

A municipal ordinance, like an act of the legislature, carries a presumption of constitutionality.[3] Although an ordinance which is constitutional on its face may be unconstitutional as applied to a specific set of facts,[4] an ordinance enacted under the police power need only demonstrate a reasonable relationship to a legitimate police power objective in order to pass constitutional muster.[5]

Even if we assume that the pump offered by the township might malfunction, the ordinance does not require Bloom to install that pump; he may install any

---

[3] *Simco Sales Service of Pennsylvania, Inc. v. Township of Lower Merion Board of Commissioners*, 38 Pa. Commonwealth Ct. 434, 394 A.2d 642 (1978); *Costopoulos v. Zoning Board of Adjustment*, 23 Pa. Commonwealth Ct. 159, 351 A.2d 318 (1976).

[4] *See, e.g. Pennsylvania State Association of Township Supervisors v. Thornburgh*, 496 Pa. 324, 437 A.2d 1 (1981).

[5] *Simco Sales Service of Pennsylvania, Inc. v. Township of Lower Merion Board of Commissioners*, 38 Pa. Commonwealth Ct. 434, 394 A.2d 642 (1978).

system he chooses. In these circumstances, we cannot say that the ordinance is unconstitutional as applied to Bloom.

## 4. Evidentiary Error

Bloom argues that the trial court committed reversible error by excluding his offered evidence concerning the danger of the township's sewer system. Apparently, Bloom was attempting to prove that the township acted unreasonably when it designed and constructed the public sewer nearest Bloom's home, and thereby to provide support for his argument that the ordinance is unconstitutional as applied to him.

Regardless of the merit of that argument, the required offer of proof was not made when the trial judge excluded the evidence.[6] Therefore, the issue was not preserved for appeal.

Bloom next argues that the trial court erroneously excluded evidence on the reliability of systems "identical" to the one the township would supply for his property.

That evidence concerned the pumping system at a large military installation, and President Judge EPPINGER, in his discretion, quite correctly excluded that evidence as irrelevant to the relatively small pumping equipment which a residential system would require.

## 5. Due Process

Finally, Bloom contends that the ordinance violates his constitutional due process rights because it did not provide for an administrative hearing before the commencement of criminal proceedings.

There is no evidence that Bloom requested any such hearing; moreover, Bloom has not offered any

---

[6] *Calcagni v. Board of Assessment Appeals of Lehigh County, Pennsylvania*, 38 Pa. Commonwealth Ct. 525, 394 A.2d 663 (1978).

288

authority for the position that due process requires a pre-prosecution hearing.

During the course of the proceedings, before both the district justice and the trial court, Bloom has had a full and adequate opportunity to litigate the issues. The courts have afforded him adequate notice, right to appear, right to be heard, right to counsel, right to cross-examine the witnesses against him, right to a record and transcript, right to written opinion, and not least, right to appeal. In these circumstances, we find no violation of Bloom's due process rights.[7]

Accordingly, we affirm.

ORDER

Now, June 29, 1983, the order of the Court of Common Pleas of Franklin County, No. 4 of 1981, dated August 31, 1981, is affirmed.

---

[7] *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981); *North Penn Consumer Discount Company v. Shultz*, 250 Pa. Superior Ct. 530, 378 A.2d 1275 (1977).