## Commonwealth v. Frederick

*Martha J. Duvall, assistant district attorney,* for the Commonwealth.

*Jeffrey M. Cook,* for Conewago Township.

*Scott L. Kelley,* for defendant.

KUHN, *J.,* April 26, 1991—In a de novo summary appeal hearing, defendant has challenged the validity of Conewago Township Ordinance 1990-J. Testimony revealed that on June 15, 1990, the township adopted the aforementioned ordinance which provided, in pertinent part, that:

"(1) As of the effective date of this ordinance, parking of commercial vehicles over 13,000 gvw shall be prohibited on all township streets and roads between the hours of 2 a.m. and 6 a.m. in any district designated for residential purposes."

The ordinance further provided for a fine for violation.

On or before July 13, 1990, Conewago Township Chief of Police Hagerman sent defendant a copy of the ordinance and advised that he was parking his 1973 tri-axle dump truck in front of his residence at 110 Linden Avenue, Hanover, Pennsylvania in violation of the ordinance. Defendant lives in a residential (R-2) district. On August 10, 1990, Chief Hagerman cited defendant for violating the ordinance by parking his truck in front of his residence at 3 a.m. on that date. Defendant's truck weighs 73,280 pounds.

Evidence was presented by township supervisor Evan Butler that the ordinance was enacted in reaction to citizen complaints regarding the noise

made by defendant's truck, mud and dirt it left in the street and because defendant would effectuate repairs upon his truck in the street. Chief Hagerman offered another concern regarding road damage. Supervisor Butler contradicted this concern by suggesting that street damage could have been controlled by closing the street to all truck traffic.

Testimony further revealed that another resident within an R-2 zone who owns a larger truck which he parks overnight at his residence has not been cited.

Within defendant's neighborhood are several small businesses which receive truck deliveries and several businesses which have tractor-trailer deliveries.

Defendant first argues that Ordinance 1990-J is unenforceable because it was not properly published. The Second Class Township Code provides, 53 P.S. §65741, the proper method for adoption of ordinances including that the same be published at least once in one newspaper circulating generally in the township setting forth either the full text of the proposed ordinance or the title and a brief summary thereof. Here, the township advertised a brief summary of the ordinance but designated it as Ordinance 1990-G instead of 1990-J. Defendant only challenges the improper numerical designation of the ordinance as a basis to invalidate it.

The purpose of the notice provisions of section 65741 is to advise the public in advance of the general context of a proposed ordinance so opportunity is given to express opinion regarding the appropriateness of the ordinance. That purpose was accomplished by the notice given by Conewago Township. A slight numerical error regarding the ordinance number does not impact upon this purpose and is no basis to invalidate the ordinance.

However, defendant does raise one issue which deserves serious consideration. He argues that ordinance 1990-J should be invalidated as an arbitrary and capricious exercise of municipal authority focused unreasonably upon him.

A second class township, as a political subdivision of the Commonwealth, has only those powers which are granted to it by the legislature. *Commonwealth v. Hanzlik,* 400 Pa. 134, 136, 161 A.2d 340, 341 (1960). Those powers may appear in express terms, may arise by necessary and fair implication, may be incident to powers expressly granted, or may be essential to the declared objects and purposes of the township. *Commonwealth ex rel. Township of Ayr v. Fulk,* 10 Adams Leg. J. 1, 3 (1968). An ordinance properly adopted by a township is presumed to be valid and constitutional and a heavy burden is placed upon the challenger to prove otherwise, *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 70, 141 A.2d 851, 855 (1958); *Commonwealth v. Moyer,* 35 D.&C. 3d 475, 478 (1984); *Kowanacki Service Center v. City of Pittsburgh,* 29 D.&C. 3d 1, 9-10 (1982), or to prove that the ordinance is unreasonable as to him. *Appeal of Palumbo,* 166 Pa. Super. 557, 564, 72 A.2d 789, 793 (1950). The role of the court when passing upon the validity of an ordinance is very limited. Where there is room for difference of opinion whether the ordinance is designed to serve a proper public purpose the court may not substitute its judgment for that of the authority who enacted the ordinance. *Simco Sales v. Township of Lower Merion Board of Commissioners,* 38 Pa. Commw. 434, 437-8, 394 A.2d 642, 643 (1978).

Pursuant to 53 P.S. §65724, Conewago Township has the power to regulate parking. Therefore, Ordinance 1990-J is presumptively valid.

558

The ordinance does not set forth the purpose for which it was adopted; therefore, we must examine the record presented on that issue. It appears clear that the supervisors were reacting to citizen complaints regarding defendant's truck noise, debris it left in the street and the fact that defendant effected repairs upon his truck in the street. The regulation against street parking only between the hours of 2 a.m. and 6 a.m. also suggests sensitivity to the sleep needs of the residents in a residential district.

This court recognizes that the validity of an ordinance cannot be tested by examining the motives of the supervisors, *Gettysburg Mountain Campsites Inc. v. Township of Franklin,* 9 Adams Leg. J. 6, 7 (1967), nor by whether the ordinance is only enforced against one person and not others, if it is otherwise a valid ordinance. *Commonwealth v. Winfree,* 408 Pa. 128, 139, 182 A.2d 698, 704 (1962). Nevertheless, when an ordinance is passed as an exercise of the township's police power that authority is not infinite and unlimited. It must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means employed must have a real and substantial relationship to the object sought to be attained. Even legitimate legislative goals cannot be pursued by means which stifle fundamental personal liberty when the goals can be otherwise more reasonably achieved. *Simco Sales v. Township of Lower Merion Board of Commissioners, supra,* 38 Pa. Commw. at 438, 394 A.2d at 644; *Commonwealth v. Sterlace,* 24 Pa. Commw. at 62, 66, 354 A.2d 27, 29 (1976).

The ordinance adopted by Conewago Township has no bearing upon the goals it is attempting to achieve. Not only would the ordinance prohibit trucks to be parked between 2 a.m. and 6 a.m. which make noise or upon which repairs are being made

but also those which sit quietly through the night. There is no prohibition against parking an operating and noisy truck or to be striking a wrench against a truck parked at midnight or 1 a.m. which are times when we would expect sleep to be disturbed. Interestingly, truck traffic is not prohibited on Linden Avenue during any other hour of the day or night when debris or noise may be a concern.

There are other means available to the township to deal with the complaints outlined herein. In fact, the court has been advised that the township has adopted ordinances prohibiting the dumping of dirt and debris on its streets (no. 21-11); prohibiting the repairing of motor vehicles in public streets (no. 21-26) and defining maximum noise levels for vehicles (no. 10-21). Enforcement of these ordinances would accomplish the stated purpose without imposing upon defendant's fundamental personal liberty of being able to park his vehicle in a quiet manner upon Linden Avenue.

The township certainly has the right to prohibit nuisances within the township. 53 P.S. §65712. While we doubt that the township had this section in mind when adopting no. 1990-J, we opine that it is unavailable as a position to which the township can retreat in this case. Where the Second Class Township Code has not specifically defined an activity to be a nuisance per se, it can only be a nuisance when, based upon actual conditions and in the context of a criminal prosecution, those conditions must be proven beyond a reasonable doubt. *Commonwealth v. Hanzlik, supra,* 400 Pa. at 137, 161 A.2d at 342-3. No evidence has been presented in this case that parking of defendant's vehicle on August 10, 1990, constituted a nuisance and we doubt that the mere parking of his truck would ever constitute a nuisance.

In conclusion, this court finds that Ordinance 1990-J unduly impinges upon defendant's legitimate right to peacefully park his truck in front of his residence during the designated hours and that there is no rational relationship between this parking prohibition and the general welfare it was intended to promote. As such, defendant has established that the ordinance is an arbitrary and capricious exercise of municipal authority. This opinion is not intended to criticize good-faith efforts of township supervisors to respond to citizen concerns regarding the general welfare of the community but rather the methods applied in this case to achieve that goal.

Accordingly, we enter the attached

## ORDER OF COURT

And now, April 26, 1991, the court enters a not guilty verdict in favor of defendant as to citation no. B 40031. Costs to be paid by the County of Adams.